STATE ex rel. BINZ et al. v. CITY OF SAN ANTONIO et al.

No. 10949.

Court of Civil Appeals of Texas. San Antonio.

Jan. 22, 1941.

Rehearing Denied Feb. 12, 1941.

Moursund, Ball, Moursund & Bergstrom, Van H. Howard, Jr., S. E. Roberts, and John R. Shook, all of San Antonio, for appellants.

J. I. Kercheville, Henry B. Dielmann, and J. Walter Feigenbaum, all of San Antonio, for appellees.

NORVELL, Justice.

This is an action in the nature of quo warranto brought under Articles 6253 et seq. of Vernon's Ann.Civ.Stats., by the State of Texas, acting through the District Attorney of Bexar County, upon the relation of Melvin Binz and others, against the City of San Antonio and its governing officials, asserting the invalidity of a purported annexation of territory adjacent to the City of San Antonio.

Trial was to the court without a jury and judgment rendered for the respondents. The territory in dispute was declared to be within the bounds and limits of the City of San Antonio.

The State and the relators have appealed.

There is no dispute as to the facts. The City of San Antonio is a home rule city operating under Article XI, Section 5, of the Texas Constitution, Vernon's Ann.St., and Chapter 13, Title 28, 1925 Revised Civil Statutes and amendments thereto (Articles 1165–1182f, Vernon's Ann.Civ.Stats.), having adopted a charter in accordance with the constitutional and statutory provisions above mentioned. The charter of the City of San Antonio contains provisions for the annexation of adjacent territory (Paragraph 2, Section 2, Charter of San Antonio) as authorized by Sec. 2, Art. 1175, Vernon's Ann.Civ.Stats.

In accordance with the provisions of the City Charter, the Board of City Commissioners of San Antonio, on April 29, 1940, passed a resolution ordering the introduction and reading of an ordinance providing for the annexation of the territory in dispute here. Publication of the proposed ordinance was ordered, so as to give thirty days' published notice before final passage of the ordinance, as required by the City Charter. On May 31, 1940, the ordinance of annexation was finally passed by the governing body of the City of San Antonio.

In the meantime, on May 3, 1940, a petition signed by 53 residents of the territory sought to be annexed by the City of San Antonio was presented to the County Judge of Bexar County, requesting that an election be called for the purpose of submitting to the qualified voters the question of the incorporation of the Town of Olmos Terrace under the provisions of Chapter 11, Title 28, 1925, Revised Civil Statutes, Articles 1133–1153, Vernon's Ann.Civ.Stats. The territory sought to be incorporated was identical with that described in the resolution and ordinance of annexation of the City of San Antonio. The County Judge, on May 6, 1940, ordered the requested election, which resulted in a vote favorable to incorporation. On May 20, 1940, the County Judge entered an order declaring the town of Olmos Terrace duly incorporated under the provisions of Chapter 11, Title 28, 1925, Revised Civil Statutes. It was agreed by the parties that the population of the so-called town of Olmos Terrace was 2200, and that the proceedings relating to the incorporation were in accordance with applicable statutory provisions.

As above pointed out, annexation proceedings were commenced by the City of San Antonio on April 29, 1940, but were not completed until May 31, 1940. Incorporation proceedings of the Town of Olmos Terrace were not commenced until after April 29, 1940, but were completed on May 20, 1940. In passing upon the validity of the conflicting jurisdictional claims here presented, are we to be governed by the date of commencement or the date of completion of the annexation or incorporation proceedings involved?

This question is answered by the case of State of Texas ex rel. George v. Baker, 120 Tex. 307, 40 S.W.2d 41, in which the Supreme Court held that principles governing the jurisdiction of judicial tribunals over the subject matter of litigation were applicable to cases of the kind and character presented here. The Baker case is authority for the proposition that the municipal authority, be it one having a legal existence or in the process of organization, which first commences legal proceedings asserting authority over a given territory, thereby acquires a jurisdiction over the same which cannot thereafter be defeated by a subsequent attempted exercise of jurisdiction by a similar municipal organization.

As the territory here involved was not within the limits of another municipal

corporation on April 29, 1940, the annexation proceedings of the City of San Antonio were valid and must be upheld. It follows that the subsequent attempt to incorporate the town of Olmos Terrace was ineffective and void.

The judgment of the trial court was correct and it is accordingly affirmed. Other authorities supporting this holding are: Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063; Baker v. State, Tex.Civ.App., 26 S.W.2d 324; Colquhoun v. City of Tucson, 55 Ariz. 451, 103 P.2d 269; People ex rel. Hathorne v. Morrow, 181 Ill. 315, 54 N.E. 839; State ex inf. Goodman ex rel. Crewdson v. Smith, 331 Mo. 211, 53 S.W.2d 271; State ex rel. Johnson v. Clark, 21 N.D. 517, 131 N.W. 715; Popenfus v. City of Milwaukee, 208 Wis. 431, 243 N.W. 315; Corpus Juris, Vol. 43, p. 83, sec. 23.

Affirmed.