## CITY OF EL PASO et al. v. STATE ex rel. TOWN OF ASCARATE et al.

### No. 4545.

Court of Civil Appeals of Texas. El Paso.

Oct. 30, 1947.

Rehearing Denied Nov. 20, 1947.

Travis White, of El Paso (Reuben F. Momsen, of El Paso, on the brief), for appellant.

Roy D. Jackson, Cunningham, Ward & Cunningham, and Knollenberg & Long, all of El Paso, for appellee.

PRICE, Chief Justice.

This is an appeal from the judgment of a District Court of El Paso County, 41st Judicial District. Proceeding was by quo warranto brought upon the relation of the town of Ascarate and Tracy, her Mayor, to determine the validity of the annexation of certain territory to the city of El Paso. The city of El Paso and her Mayor were respondents in the proceeding. The trial was before the court without a jury. Judgment upheld the validity of the incorporation of the town of Ascarate and enjoined the city of El Paso from in the future attempting to extend its limits so as to include the town of Ascarate. The city of El Paso has perfected an appeal from the judgment.

The facts were stipulated save as to the population of the area which sought incorporation as a town under the name of Ascarate, and which was sought to be annexed by the city. A Master in Chancery was appointed to determine this disputed issue. His report was that the area in question on December 16, 1946, had a population of 5156, and on January 1, 1947, a population of 5206 persons. Neither side filing objections to the report of the Master, same was adopted and approved by the trial court. The stipulation as to facts was as follows:

"Stipulation. It is stipulated by all parties to this suit that the facts hereinafter set forth are true.

"1. On the 16th day of December, 1946, at 8:42 A.M., there was filed with M. Scarborough, County Judge of El Paso County, Texas, an application signed by over twenty qualified residents of the territory included within the Town of Ascarate, all of the signers of which application were duly qualified voters of said territory under the laws of the State of Texas, to incorporate the town of Ascarate and at the same time there was filed a plat of the proposed town.

"2. Such application and plat in all things complied with Chapter 11, Title 26 [28], of the Revised Statutes of the State of Texas, and the laws of this state pertaining to the incorporation of Towns and Villages.

"3. There was included within the proposed Town of Ascarate at the time of said

application less than four square miles of territory and over two thousand inhabitants.

"4. The County Judge of El Paso County caused an investigation to be made as to the qualifications of said signers to said application and duly considered said application, and after hearing evidence concerning same and said investigation on the 18th day of December, 1946, the said County Judge entered an Order finding that said application was made and filed according to law and that the signers of said application were duly qualified under the laws of the State of Texas, and ordered an election to be held on the 11th day of January, 1947, to determine whether or not the Town of Ascarate should be incorporated. And at the same time said County Judge filed said application and order with the County Clerk.

"5. Said Election was duly held according to such order on the 11th day of January, 1947, after due notice of same had been given, and said election resulted in a majority vote of the duly qualified voters in such election in favor of the incorporation of the said town of Ascarate, the returns of which election were duly returned to the then County Judge, Victor B. Gilbert, and canvassed according to law and the order of the Court incorporating such Town of Ascarate was duly entered on the 13th day of January, 1947, and a copy of the same together with the plat of the Town of Ascarate were duly recorded in the Deed Records of El Paso County, Texas.

"6. On the 22nd day of February, 1947, there was duly held according to law, an election to elect officials of the Town of Ascarate and that a Mayor, five Aldermen and a Marshall were elected at that time, Milton Tracy, one of the Relators of this case, being duly elected as Mayor of the Town of Ascarate.

"7. On the 16th day of December, 1946, at 2:30 P.M., the Mayor and City Council of the City of El Paso, acting according to the provisions of its charter, which City is a Home Rule City and has a Home Rule Charter, adopted a resolution introducing an ordinance to annex substantially the identical territory described in the application for the incorporation of the Town of Ascarate, together with other territory. The territory described in the annexation ordinance is contiguous to the boundaries of the City of El Paso as previously established.

"8. Said resolution was duly adopted by the said Mayor and City Council and due notice given according to the Charter of the City of El Paso of the intention of the Council to consider the adoption thereof at a regular meeting of said Council to be held at a date more than thirty days after the publication of said ordinance; which said notice was duly published in the official newspaper of the City of El Paso, according to the provisions of said Charter.

"9. On the 30th day of January, 1947, the said Council of the City of El Paso, in accordance with their charter provisions, duly held a hearing on said ordinance and passed such ordinance on final reading and declared said ordinance to be in full force and effect and declared the territory included within the Town of Ascarate to be duly annexed to the City of El Paso, all of which proceedings were in accord with the Charter provisions of the City of El Paso.

"10. At the time of the passing of said Ordinance Dan Duke was the Mayor of the City of El Paso and at the time of this stipulation Dan Ponder is its duly elected Mayor.

"11. In accordance with said Ordinance and acting under said Ordinance, the Mayor and other officials of the City of El Paso, are threatening to take full control of the area included within the Town of Ascarate, and are threatening to levy taxes therein, assume police control thereof, and extend all the municipal functions of the City of El Paso thereto.

"12. According to the Federal Census of 1940 the City of El Paso had 96,450 inhabitants.

"13. Statements or expressions suggesting legal regularity or validity (for example, 'Town of Ascarate', 'duly incorporated', 'duly passed such ordinance', 'duly annexed,' and the like) are not admissions by any party that such party's own proceedings are ineffective. In other words, Defendants admit that the incorporation of Ascarate would be valid except for the annexation proceedings, and the Plaintiff and Relators

admit that the annexation would be valid except for the incorporation proceedings.

"14. The Charter provision of the City of El Paso copied in Defendants Original Answer, and the annexation ordinance attached to said answer, are true copies. All courts may take judicial notice of the description and plat of the Town of Ascarate filed with the County Clerk as part of the incorporation proceedings."

The City of El Paso, appellant, urges three points of error:

"I. The Court erred in rendering judgment for relators because the rights of the City to the disputed territory attached first in point of time.

"II. The Court erred in rendering judgment for the relators because, regardless of priority of time, a home rule city may annex adjoining territory of, or constituting, another municipality which is not also a home rule city.

"III. The Court erred in perpetually enjoining the City and its officials and employees from extending the city limits to include territory in the Town of Ascarate, because such relief is outside the pleadings, and makes no exception in case conditions should materially change in the future."

It being stipulated that the Town of Ascarate took all legal steps required by law to become an incorporated town, the judgment of the trial court declaring it such is correct unless the annexation proceeding initiated by the city on the afternoon of December 16, 1946, had the legal effect of preventing it becoming a duly incorporated town or if it did become such, its existence was terminated by such proceeding. More than twenty qualified voters, residents in the area sought to be incorporated as the Town of Ascarate, at 8:42 A.M., on December 16, 1946, filed a signed petition in the office of the County Judge seeking such incorporation. On December 18, 1946, the County Judge ordered an election to be held on January 11, 1947, to determine whether the town should be incorporated. Such election was held in conformity to said order and the result was in favor of said incorporation. On February 22, 1947, at a duly called election a Mayor and five Aldermen were duly elected.

The question posed by the first point of error is did the city of El Paso first acquire jurisdiction over the area by ordinance introduced at 2:30 P.M., December 16, 1946, of the town sought to be incorporated by the petition of the voters on the same date, but at 8:42 A.M. In the case of State ex rel. Binz v. City of San Antonio, Tex.Civ.App., 147 S.W.2d 551, 552 (e.r.) in discussing the case of State ex rel. George v. Baker, 120 Tex. 307, 40 S.W.2d 41, it is said:

"The Baker case is authority for proposition that the municipal authority, be it one having legal existence or in the process of organization, which first commenced legal proceedings asserting authority over a given territory, thereby acquires the jurisdiction over same which cannot thereafter be defeated by attempted exercise of jurisdiction by a similar municipal organization."

With this interpretation of the Baker case we agree. The opinion in the case was expressly adopted by the Supreme Court and so far as we are able to find has never been modified. Both the existing corporation or the one in process of organization may have power over the area. The exercise of such power by either excludes the other. In case the area is sought to be incorporated and likewise sought to be annexed by an existing municipal corporation it becomes a question of which proceeding was initiated first.

The case of State ex rel. Binz v. City of San Antonio, supra, authoritatively establishes that where by ordinance a home rule city takes steps to annex adjacent unincorporated territory it acquires a prior and superior jurisdiction to that of a proposed municipal corporation seeking incorporation through a petition by qualified voters filed subsequent to the introduction of the ordinance of annexation. Here we hold that the first attempt on the part of the city to exercise jurisdiction over the area was the introduction of the ordinance providing for annexation at 2:30 P.M., a few hours subsequent to the filing of the petition with the County Judge for incorporation of the area as the Town of Ascarate. The petition for incorporation was filed in the County Judge's office before the ordinance was introduced; the ordinance was introduced before the County Judge ordered the election. It is thought to be elementary that under

Article 1134, Revised Statutes 1925, the filing in the office of the County Judge of the petition made it his duty, if the petition was in due form, signed by the requisite number of qualified voters, to order the election. Without the filing of the petition by such qualified voters, neither the County Judge nor any other functionary had the power to order the election; without the election there could be no incorporation. The incorporation of the town or the annexation of adjacent unincorporated territory by a home rule city is each in the nature of a legislative act. The city initiated legislation by the introduction of the ordinance. In the case of incorporation the voters of the area consummate or deny the incorporation, but the petition initiates the legislation if filed and pursued in good faith. The briefs of the parties cite no case directly holding that the filing of the petition in pursuance of Art. 1134, R.S., invokes the jurisdiction over the area so as to preclude a home rule city from by ordinance annexing same during the pendency of the incorporation proceedings. However, in our opinion the filing of the petition is an invocation and assertion of jurisdiction over the territory. The incorporation of the area as provided for in Art. 1134, .R.S.1925, is in the nature of legislation. This legislation is initiated by the petition of the qualified voters of this area. It is true the County Judge must ascertain if the petition is in due form and signed by the required numbers of qualified voters in the area before he orders the election. His duty, however, is clear in the event the petition as to form and as to signers has the requisites required by the Statute.

It is thought that by analogy the cases such as State ex rel. Binz v. City of San Antonio, Tex.Civ.App., 147 S.W.2d 551 (w.r.) support this proposition. That case and a number of others announce the principle that the introduction of the ordinance of annexation in the city council constitutes an exercise of jurisdiction which precludes the exercise of jurisdiction by the inhabitants of the area to incorporate same. It is thought as stated by Judge Critz in the case of State ex rel. George v. Baker, 120 Tex. 307, 40 S.W.2d 41, 43:

"It is the rule of this state and practically the universal rule that, where co-ordinate jurisdiction over a particular subject-matter is vested in two distinct tribunals, the tribunal first acquiring jurisdiction has the right to retain jurisdiction until it has completely disposed of all matters and issues so presented to it, and no co-ordinate tribunal has any right to interfere with the tribunal first acquiring jurisdiction."

■ That the petition for incorporation having been filed in the County Judge's office before the introduction of the ordinance of annexation, until a disposition of this procedure seeking incorporation the city was without jurisdiction, that is, without power to annex the territory. See: Taylor et al. v. City of Fort Wayne, 47 Ind. 274; Independent Dist. of Sheldon v. Board of Supervisors of Sioux County, 51 Iowa 658, 2 N.W. 590; State v. Clark, 21 N.D. 517, 131 N.W. 715; Trumbull County Board of Education v. State, 122 Ohio St. 247, 171 N.E. 241; People ex rel. Hathorne v. Morrow, 181 Ill. 315, 54 N.E. 839; Colquhoun v. City of Tucson, 55 Ariz. 451, 103 P.2d 269.

■ The filing of the petition with the County Judge conferred on him the power to act, and made it his duty to act. Without such petition he was without power to act. He did act promptly and decided that the petition was in due form and ordered the election. It is not thought that this holding in any way conflicts with that in the case of State v. Self, Tex.Civ.App., 191 S.W.2d 756. There the petition filed with the County Judge was not followed up; an election was not ordered and hence never held; the trial court found the petition for incorporation had been abandoned. A court may lose jurisdiction on account of the moving party failing to pursue his cause of action with reasonable diligence. It is held that the inhabitants of the area subsequently incorporated as the Town of Ascarate having filed their petition in accordance with the Statute, the County Judge having ordered an election thereon and the election being held resulting in favor of the incorporation, the attempt of the city by ordinance to annex the territory was without legal effect. Upon the filing of the petition the town of Ascarate became a municipal corporation in embryo.

Under the second point of error it is urged that the city had the power to annex the area although the steps taken resulted in the incorporation of the Town of Ascarate. If the point be sustained the annexation by the city would necessarily result in the dissolution of the Town of Ascarate. Two municipal corporations cannot exercise the same general governmental authority over the same area. This proposition is elementary, and is sustained by all the precedents without disagreement. 43 C.J. p. 83, par. 23.

The contention is that under Section 5 of Article 11 of the Constitution, Vernon's Ann.St., the home rule amendment, that a city could confer upon herself all the power exercised by the Legislature over governmental municipal corporations prior to such amendment. The city relies on Section 3a of its Charter, which is as follows:

"Section 3a. The City Council shall have power by Ordinance to fix the boundary limits of the City of El. Paso, Texas, and to provide for the extension of said boundary limits and annexation of additional territory lying adjacent to said City with or without the consent of the territory or inhabitants annexed; that upon the introduction of such ordinance in the Council, it shall be published in the official newspaper of the City of El Paso, one time, and shall not thereafter be acted upon until at least thirty (30) days has elapsed after said publication, and when said ordinance is finally passed, said territory so enclosed shall be a part of the City of El Paso and the inhabitants thereof shall be entitled to all the rights and privileges of other citizens of the City of El Paso, and shall be bound by the acts, ordinances, resolutions and regulations of said city. This method of annexing territory shall be additional to the method set out in Section 3 of the original Charter."

Beyond any question a home rule city acts by authority directly conferred by the Constitution and not through power conferred by the Legislature. However, by the very terms of Section 5 of Article 11 of the Constitution its acts must be in conformity with the Constitution and the general laws of the State, likewise it is thought to be elementary that a home rule city has such power as is lawfully conferred by its Charter and by Article 1175, R.S.1925.

By the Charter the City of El Paso is authorized to annex additional territory lying adjacent to the city without the consent of the inhabitants of such territory. This language, it is contended, is broad enough to cover an incorporated town. The City concedes that it was not conferred the power to annex the territory of another home rule city lying adjacent. If it is broad enough to cover a town it is broad enough to cover another home rule city. In the case of City of Houston v. City of Magnolia Park, Tex. Com.App., 276 S.W. 685, it was held that a home rule city could not annex a city of over five thousand inhabitants. The basis of the holding was that it would defeat the Constitutional right to adopt a charter as authorized by the home rule amendment, Constitution, Sec. 5, Art. 11.

In the case of City of Pelly v. Harris County Improvement District, Tex.Sup., 198 S.W.2d 450, it was held in substance that the City of Pelly had a right under its Charter to annex a water improvement district which was adjacent to the city boundary. The provisions of the charter of the city of Pelly were in substance the same as the heretofore quoted section of the Charter of the city of El Paso. In the opinion it was stated that the annexation of the territory comprising the water improvement district would not dissolve the district; that the district could exercise its corporate functions within the city. There was not presented the case of two municipal corporations exercising identical general governmental power in the same area.

In the instant case there is squarely presented the question of whether the home rule may, under charter provision authorizing the annexation of adjacent territory, annex a duly incorporated town of over five thousand inhabitants without the consent of the inhabitants of the town. It is thought that the initial steps to incorporate the Town of Ascarate having been taken and diligently pursued, that it must be considered the same as an incorporated town from the date of the initiation of the proceedings to become such. So far as the briefs go and our investigation, the question has never

been squarely before the Supreme Court. In City of Houston v. City of Magnolia the city or town of Magnolia had a long continued corporate existence; it had never elected to hold an election as authorized by Section 5, Art. 11 of the Constitution, but had the right to do so having at the time a population in excess of five thousand.

We see no reason why the case of City of Houston v. City of Magnolia, supra, should not govern here. It is conceded said Town of Ascarate in process of incorporation had at all relevant times in excess of five thousand inhabitants. Such being the case it would upon incorporation have the right to become a home rule city under Sec. 5, Art. 11 of the Constitution. A construction of the city charter that it gave authority to annex a town or city of more than five thousand inhabitants would cause such provision to conflict with said Home Rule Amendment. No importance is attached to the fact that the incorporation was as a town. Under the provision of the Constitution in question it is thought beyond question a municipal corporation having more than five thousand inhabitants has the Constitutional right to become a home rule city.

The question of the right of the City of Port Arthur to annex an adjacent town was before the Beaumont Court of Civil Appeals in the case of Town of Griffing Park v. City of Port Arthur, 36 S.W.2d 593. In that case the quoted provision of the city Charter relied upon was "Territory adjoining the corporation limits of the city of Port Arthur, regardless of shape or configuration, may be annexed to said City as follows." The city held an election in accordance with the procedure laid down in the Charter, with a proposition to annex the adjacent town of Griffing Park. The annexation was not assailed on the ground of any irregularity in the election, but on the theory that the city was absolutely without power to annex the adjoining municipal corporation. This point was sustained. The basis of the decision was that the Charter provision when considered in connection with the general law conveyed no power to the city to annex an adjacent incorporated town.

The question of power of a home rule city to annex an adjacent municipal corporation of less than five thousand inhabitants was before the Galveston Court of Civil Appeals in the late case of City of West University Place v. City of Bellaire, 198 S.W.2d 766, 767. The charter provision relied upon authorizing annexation was as follows:

"The City may annex any territory adjacent thereto which contains in its limits —cities or towns of less than five thousand inhabitants and operating under the general law,—by ordinance * * * Immediately upon the passing of such ordinance the corporate existence of said—cities and towns so annexed shall legally terminate."

The ordinance passed under and by virtue of this charter provision was held void. It was further held that the power given to a home rule city by Section 2 of Article 1175, R.S.1925, did not convey the power. Section 2 is as follows:

"The power to fix the boundary limits of said city, to provide for the extension of said boundary limits and the annexation of additional territory lying adjacent to said city, according to such rules as may be provided by said charter."

It was held, in substance, that there could not be attached to the power of annexation as an incident thereto the power to dissolve city government serving the territory adjacent to said city; that the town in question whose annexation was sought exercised their corporate power by virtue of the Constitution and General Law; that authority to abolish same was not delegated to the city.

It will be observed that this city charter provides for the dissolution of the annexed towns; that the dissolution of the annexed town or city would inevitably follow. Neither the Constitution nor the General Law expressly delegates the authority to a home rule city to dissolve an adjacent governmental municipal corporation. If such power there be it must be that it it is incidental to the power as granted. Again there is no power expressly granted either in the Constitution or the general law or in the provisions of the City Charter of El Paso under discussion to annex an adjacent town. If such power there be it must be deduced

996

from the power to annex adjacent territory and be incidental thereto.

■ It is urged that as to each of these decisions that same is unsound and this court should refuse to follow same. The criticism does not seem justified to us. Cities and towns are but divisions of the state. Under Section 5, Article 11, we do not believe there is delgated the power to a home rule city to dissolve an existing incorporated town exercising general governmental functions. We do not believe that the Constitution authorizes a home rule city to adopt a Charter giving power to dissolve a town or city adjacent thereto. Further, it is thought that the provisions of the city charter under which the city attempted to consummate the annexation of the Town of Ascarate did not give authority to dissolve a duly incorporated town as an incident to the power to annex adjacent territory. It must be that the power to annex adjacent territory was conferred on a home rule city for its benefit and the benefit of the inhabitants of the adjacent territory. Its inhabitants as a rule enjoy the benefits of the city and it is but just that they should share the burdens incident to residence in the city. On the other hand, if the area was incorporated, presumptively at least the town provides in a large measure what the city would provide. To a large extent the inhabitants of an incorporated town provide for the policing of such town, or are under obligations to do so, and for the public health.

■ The third point of the City complains that the injunction is too broad in that it unduly restricts the future action of the city. Appellees have filed no answer, no counter-point to this point of error. In our opinion under a proper construction of the injunction it goes no farther than to prevent the city taking any further steps under its attempted annexation. It would not restrict the city from seeking annexation or consolidation with the Town of Ascarate should conditions change. It may be that the interests of the city and the Town of Ascarate would be best subserved by annexation or consolidation. The injunction in no way prevents lawful endeavor by either to bring this about. However, to the end that there

be no future misunderstanding about the matter, the judgment of the trial court as to the injunction is hereby modified to the extent that the city is enjoined from taking any other step to exercise jurisdiction over territory included in the Town of Ascarate by virtue of the purported annexation proceeding.

As thus modified the judgment of the trial court is in all things affirmed. All costs will be assessed against the city.