STATE of Texas ex rel. CITY OF FORT WORTH, Appellant,

v.

TOWN OF LAKESIDE et al., Appellees

No. 16030.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 2, 1959.

Rehearing Denied Oct. 30, 1959.

Doug Crouch, Crim. Dist. Atty., Tarrant County, Fort Worth, R. E. Rouer, City Atty., S. G. Johndroe, Jr., Robert R. Goodrich, G. Gordon Whitman, Earl C. Morgan, James Price, and Martin Siegmund, Asst. City Attys., Fort Worth, for appellant.

Brewster, Pannell, Leeton & Dean, Beale Dean and Henry E. Kerry, Jr., Fort Worth, for appellees.

RENFRO, Justice.

This is an appeal by the State of Texas ex rel. the City of Fort Worth from a judgment which decreed invalid a certain annexation ordinance previously passed by the City Council of the City of Fort Worth, and which upheld the validity of the incorporation proceedings of the town of Lakeside.

The appellant contends in four points of error that the court erred in holding that the town of Lakeside had complied with the provisions of Article 1134, Vernon's Anno. Civ.St., in making application for incorporation.

Article 1134 provides as follows:

"If the inhabitants of such town or village desire to be so incorporated, at least twenty residents thereof, who would be qualified voters under the provisions of this chapter, shall file an application for that purpose in the office of the county judge of the county in which the town or village is situated, stating the boundaries of the proposed town or village, the name by which it is to be known when incorporated,

and accompany the same with a plat of the proposed town or village including therein no territory except that which is intended to be used for strictly town purposes. If any town or village be situated on both sides of a line dividing two counties, application may be made to the county judge of either county in which a portion of said town or village is located, in manner and form as herein provided. A new election shall not be ordered in less than one year."

The appeal is before us on a voluminous stipulation of facts. The gist of the stipulation shows:

On Jan. 30, 1958, three persons appeared in the office of the County Judge of Tarrant County with a two page typewritten instrument, containing 24 names signed thereto, attached to a plat. The instrument was handed to Homer B. Green, assistant to the County Judge. Green, as a matter of practice and with the authorization and at the direction of the County Judge, kept physical custody and possession of all official documents provided by law to be kept and filed in the office of the County Judge. With respect to municipal incorporation proceedings Green personally kept and held custody of all instruments pertaining to incorporation proceedings filed in the office of the County Judge. When the above mentioned instrument was handed to Green he determined it was an application to incorporate an area in Tarrant County as the Town of Lakeside, and determined there were 24 signed names on the application. He then wrote in ink on the cover of the instrument:

"Filed
"1–30–58
"2:30 P.M.
"H. B. G."

Green then directed the aforesaid three persons to take the application with them and ascertain if all the persons whose names appeared on the application had 1957 poll tax receipts. The three petitioners left, but returned in a few minutes and told

Green they wanted to leave the petition with him in the office. Green again instructed them to take the petition with them and return it and the poll tax receipt numbers when they secured same. Green did not make any record of the instrument.

Two hours after Green marked the above instrument "Filed" an official of the City of Fort Worth inquired of Green if there was any instrument on file or of record dealing with any incorporation of any or all of a certain area of land. Green informed the official of the events which had transpired previously that afternoon involving the general area about which the inquiry was directed. The next morning (Jan. 31) at 9:30 Green again told the Fort Worth city official about the preceding day's events. At 10:30 A.M. on Jan. 31, 1958, the City Council of Fort Worth passed, on first reading, annexation ordinance No. 3757. The land attempted to be annexed included a substantial amount of land included in the metes and bounds description contained in the instrument filed with Green the previous day.

On Feb. 3, the "Lakeside" people returned the January 30 instrument to Green in the County Judge's office.

On Feb. 10, a hearing was had on the Lakeside petition and the County Judge ordered an election on the incorporation of the area to be held on March 1. On March 7, the County Judge entered an order declaring such election resulted in favor of incorporation and declared the incorporation thereof as the town of Lakeside. City officials were then chosen at an election held on April 19. Then followed the instant suit by the State of Texas, on the relation of the City of Fort Worth, to declare the incorporation of Lakeside void, and for ouster of the officials of Lakeside from the various offices.

The trial court concluded that the action taken on January 30 by the petitioners for the incorporation of the town of Lakeside constituted an assertion of authority and preempted jurisdiction over the disputed area, and decreed the incorporation proceedings and the election of officials of the town of Lakeside legal and valid and decreed Fort Worth ordinance No. 3757 to be illegal, invalid and void.

■ The municipal authority, be it one having a legal existence or in the process of organization, which first commences legal proceedings asserting authority over a given territory thereby acquires a jurisdiction over the same which cannot thereafter be defeated by a subsequent attempted exercise of jurisdiction by a similar municipal organization. State ex rel. George v. Baker, 120 Tex. 307, 40 S.W.2d 41; State ex rel. Binz v. City of San Antonio, 147 S.W. 2d 551; City of Terrell Wells v. City of San Antonio, Tex.Civ.App., 216 S.W.2d 657; City of Houston v. State ex rel. City of West University Place, 142 Tex. 190, 176 S.W.2d 928; Couch v. City of Fort Worth, Tex.Civ.App., 287 S.W.2d 255.

■ A petition filed by at least twenty qualified voters in the office of the County Judge initiates the legislation if filed and pursued in good faith, and the filing of a petition is an invocation and assertion of jurisdiction over the territory affected. City of El Paso v. State ex rel. Town of Ascarate, Tex.Civ.App., 209 S.W.2d 989.

The good faith of petitioners in the instant case is not attacked. They presented the petition to the assistant to the County Judge in the office of the County Judge and followed his directions. They, too, "pursued" the proceedings in good faith and secured favorable action by the County Judge within a short period of time.

■ Appellant argues that the petitioners did not comply with the statute because the petition was not presented to the County Judge personally, and was not left in the Judge's office. It was not left in the office because Green, the assistant to the County Judge and the person then in custody of the office, twice, and over their protest, directed petitioners to take the petition with

them. If a mistake was made it was Green's mistake. Ordinarily a mistake on the part of the official to whom the document is transmitted for filing purposes does not affect the rights of the party who has done all within his power to perfect a proper filing of the instrument as required by law. Murray Co. v. Deal, Tex.Civ.App., 175 S.W. 718. Certainly the City of Fort Worth was not misled to its prejudice by the failure of petitioners to leave the petition in the Judge's office, because the City, before it passed the annexation ordinance, had actual notice, twice given, that a petition for incorporation of the town of Lakeside in the area had been filed with Green in the office of the County Judge. The fact that the petition, under the circumstances, was not left in the office of the County Judge did not, in our opinion, invalidate the filing thereof.

Neither do we think the filing was invalid because filed with Green instead of the County Judge personally. The filing of the petition is an invocation and assertion of jurisdiction over the territory. It is true the County Judge must ascertain if the petition is in due form and signed by the required number of qualified voters in the area *before he orders* the election. His duty, however, is clear in the event the petition as to form and as to signers has the requisites required by the statute. The petition for incorporation of the town of Lakeside was requisite as to form and as to signers. If it had been presented to the County Judge in person it would have been his duty to file it. In view of the stipulation of the parties and the wording of the statute, we see no reason why filing with the assistant to the County Judge was not sufficient. If the County Judge had filed the petition, under the record he would have been performing a ministerial task. He could, and did, delegate that ministerial task to Green.

■ In the matter of creation and organization of public and quasi-public corporations there must be substantial compliance with the conditions precedent required by statute. Nueces County Water Control and Improvement Dist. No. 4 v. State, Tex.Civ.App., 270 S.W.2d 672. We believe the record makes clear the fact that the petitioners did substantially comply with the statutory requirements.

■ We therefore hold that the inhabitants of the area subsequently incorporated as the town of Lakeside having filed their petition in substantial compliance with the statute, and the County Judge having ordered an election thereon which resulted in favor of the incorporation, the attempt of the City of Fort Worth by ordinance to annex the territory included in said incorporation was without legal effect.

All appellant's points of error are overruled and the judgment of the trial court is affirmed.