John R. PENNINGTON et al., Appellants,

v.

CITY OF CORPUS CHRISTI, Texas, et al., Appellees.

No. 14012.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 12, 1962.

Rehearing Denied Jan. 9, 1963.

Sidney P. Chandler, Corpus Christi, for appellants.

I. M. Singer, James P. Ryan, Corpus Christi, for appellees.

MURRAY, Chief Justice.

This suit involves an area of land adjacent to the City of Corpus Christi, Texas, generally known as the Flour Bluff area. More specifically, it involves the question of whether the City of Corpus Christi has a prior right to annex this territory or whether certain citizens have a prior right to incorporate such territory into a municipal corporation.

The City of Corpus Christi on January 4, 1961, received a petition for annexation, describing the Flour Bluff area adjacent to the City, which at the time was not a part of any other incorporated city then in existence or in the process of incorporation. The City Council thereafter determined that this petition was sufficient under the provisions of the City Charter, and called an election in keeping with the petition. An election was duly held and the question of annexation was carried by a majority vote, and the City Council passed an ordinance annexing said territory to the City of Corpus Christi. These proceedings conclusively and legally annexed this territory to the City, unless the appellants herein had a prior right to incorporate it into a municipal corporation by filing with the County Judge of Nueces County, Texas, a petition for an election to incorporate this same territory.

The petition to annex was filed with the City Council on January 4, 1961. Some six months later, on July 11, 1961, the petition for an election was filed with the County Judge. The following day, July 12, the City Council passed an ordinance finding that the petition was signed by not less than ten per cent of the qualified voters residing in the area proposed to be annexed, that the area was contiguous and adjacent to the existing corporate limits of the City, and ordering an election to be held on August 5, 1961, on the question of annexation.

On July 11, 1961, the same day the petition for incorporation was presented to him, the County Judge ordered an election to be held, also on August 5, 1961, to determine the question of incorporation.

It is apparent that this territory cannot legally be annexed to the City of Corpus Christi and at the same time be incorporated as a new municipal corporation. Thus, the question of priority of rights is here presented.

The trial was to a jury, which found by its answers to questions submitted, (1) that after the filing of said petition on January 4, 1961, the petitioners did not, in good faith, pursue and prosecute said petition in the City Council between said date and July 10, 1961; (2) that between January 4, 1961, and July 10, 1961, the Corpus Christi City Council did not abandon the proposed annexation of the Flour Bluff area; (3) that the description of the territory proposed to be annexed, as contained in the ordinance calling the annexation election in the City of Corpus Christi for August 5, 1961, is not so indefinite and uncertain that it cannot be definitely determined what territory, if any, was intended to be annexed by said election; (4) that the description of the territory proposed to be incorporated is not so indefinite and uncertain that it cannot be definitely determined what territory was intended to be incorporated; (5) that the alleged annexation of the Flour Bluff area

to Corpus Christi was unreasonable, unjust and arbitrary at the time; (6) that the area contained in the petition for incorporation had on or about July 11, 1961, a population of less than 5,000 inhabitants; (7) that no more territory has been included within the proposed incorporated area than was intended to be used for strictly town purposes.

The trial court disregarded the jury's answers to questions 1, 4, 5 and 7, and rendered judgment non obstante veredicto in favor of appellee City of Corpus Christi upholding the annexation ordinance, from which judgment John R. Pennington prosecuted this appeal.

■ The controlling question involved here is whether proceedings to annex the Flour Bluff area to the City of Corpus Christi were begun when the petition was filed with the City on January 4, 1961. The petition was regular on its face and purported to have been signed by not less than ten per cent of the qualified voters residing in the territory proposed to be annexed. This petition, when presented to the City Council, was sufficient to commence legal proceedings and assert authority over the Flour Bluff area. The rule in this State is that whoever first commences legal proceedings asserting authority over the territory, acquires jurisdiction over same and this jurisdiction cannot thereafter be defeated by adverse parties who subsequently attempt to exercise jurisdiction. Beyer v. Templeton, 147 Tex. 94, 212 S.W.2d 134.

■ Appellants contend that the petition was legally insufficient and hence did not confer jurisdiction upon the City of Corpus Christi over the area in question. We overrule this contention. The City Council, by ordering the election, necessarily found that the petition was legally sufficient, and in the absence of a showing of want of good faith or an abuse of discretion, this finding is final and binding when called into question in a judicial proceeding. School Bd. of the City of Marshall v. State by Criminal Dist. Atty. ex rel. Warbritton, 162 Tex. 9, 343 S.W.2d 247; State ex rel. Wilkinson v. Self, Tex.Civ.App., 191 S.W.2d 756. In the very recent case of State by Criminal Dist. Atty. ex rel. Lindsey v. City of Marshall, Tex.Civ.App., 347 S.W.2d 274, writ refused, the Texarkana Court of Civil Appeals, said:

> "The issue eventually decided by the city commission in this case was a political one and no private rights were at stake. Since the petition was regular on its face it was sufficient to invoke the potential jurisdiction of the city commission to determine whether it was signed by the required number of qualified voters."

See, also, State ex rel. Pan Am. Production Co. v. Texas City, 157 Tex. 450, 303 S.W.2d 780.

There is no evidence here and no finding of the jury that the City Council, in calling the election for the annexation of the Flour Bluff area to the City of Corpus Christi, acted in bad faith.

In view of this holding, the findings of the jury Nos. 1, 4, 5 and 7, are immaterial and were properly disregarded by the trial court.

We have examined other points presented by appellants and find them without merit, therefore, they are overruled.

The judgment is affirmed.