**SAN DIEGO INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**CENTRAL EDUCATION AGENCY, et al., Appellees.**

**No. 13536.**

Court of Appeals of Texas, Austin.

May 12, 1982.

Peter Torres, Jr., San Antonio, for appellant.

Mark White, Atty. Gen., Nancy Lynch, Asst. Atty. Gen., T. Kellis Dibrell, Dibrell, Dotson, Dibrell & Dibrell, San Antonio, for appellees.

PHILLIPS, Chief Justice.

This is an appeal from the denial of a temporary injunction. The underlying lawsuit involves appellant San Diego Independent School District's appeal from an order of the State Board of Education. The board order upheld the method by which appellee Freer Municipal Independent School District annexed 24,782 acres of territory previously a part of the San Diego Independent School District.

We affirm the trial court's denial of the temporary injunction.

■ At the outset, we must note the parameters of our review in a temporary injunction case. The applicant need only show a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation. *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549 (1953). The trial court, however, enjoys broad discretion in determining whether to issue the injunction and will be reversed only on a showing of clear abuse of that discretion. *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978). Clearly, if the applicant fails to show a probable right, it cannot be an abuse of the trial court's discretion to deny the temporary injunction.

■ Appellant offered the trial court one basic argument, namely that the procedure by which Freer annexed the territory was deficient in that a majority vote of *San Diego* trustees, approving the annexation, was never obtained. The argument is grounded on the construction of the following two provisions of the Education Code:

§ 19.164.  Extension of Boundaries

(a) *Any city or town which has assumed control of its schools and become a*

municipal school district under the terms of Section 19.161 of this code or under prior statutory authority may extend its corporation lines for school purposes only under the provisions of this section.

(b) A petition signed by a majority of the resident qualified voters of the territory seeking to be included in the municipal school district shall be presented to the board of trustees of the municipal school district.

(c) If the extension of boundaries is recommended by a majority vote of the board of trustees of the municipal school district, the governing body of the city may, by ordinance and on the conditions prescribed by this section, extend its boundaries for school purposes only.

(d) The proposed change in boundaries shall not deprive the scholastic children of the remaining part of any common or independent school district which may be affected by the proposed change of the opportunity of attending school. (emphasis added)

Tex.Educ.Code Ann. § 19.164 (1972).

§ 19.261. Detachment and Annexation

(a) The county school trustees or county board of education, as the case may be, in each county of this state shall have the authority, when duly petitioned as herein provided and in compliance with the limitations of Subchapter K of this chapter, to detach from and annex to any school district territory contiguous to the common boundary line of the two districts.

(b) The petition requesting detachment and annexation must:

(1) be signed by a majority of the qualified voters residing in the territory to be detached from one district and added to the other; and

(2) give the metes and bounds of the territory to be detached from one district and added to the other.

(c) The proposed annexation must be approved by a majority of the board of trustees of the district in which the annexation is to be made.

(d) *Unless the petition is signed by a majority of the trustees of the district from which the territory is to be detached, no school district territory may be detached where the ratio of the number of scholastics residing in the area to be detached to the total number of the scholastics residing in the district from which the territory is to be detached is less than one-half the ratio of the assessed valuation (based on preceding year valuations) in the territory to be detached to the total assessed valuation (based on the preceding year valuations) of the district from which the area is to be detached.* (emphasis added)

Tex.Educ. Code Ann. § 19.261 (1972).

Briefly stated, appellant argues that the trial court erred in refusing to engraft the § 19.261 (d) requirement of San Diego Trustee approval on to the § 19.164 requirements. Appellant does not, in any way, challenge the facial validity of § 19.164.

Appellees counter by arguing that as a *municipal* independent school district, Freer must meet the § 19.164 requirements and nothing more. Appellees point to the agency record and the evidence adduced at the temporary injunction hearing as proof that the § 19.164 requirements were, in fact, met by Freer.

The precursor to § 19.164 was passed in 1905. 1905 Tex.Gen.Laws, ch. 124, § 148, at 302. The concept that *municipal* independent school districts may extend their boundaries as set forth in the current § 19.164 dates from that time. The statute was amended in 1967 to allow *municipal* independent school districts to annex land, pursuant to the 19.164 requirements, from neighboring *independent* school districts. The amendatory language provides:

The fact that the courts of this state have construed the current law as not providing for the extension of city limits for school purposes only, into independent school districts, and the further fact that there are existing instances where such extensions should be authorized and also encouraged by incentive aid inducement create an emergency ...

1967 Tex.Gen.Laws, ch. 193, § 2, at 428.

Further, courts have held an independent school district has no vested right

in its territorial boundaries as originally established. *State ex. rel. Bloomingrove Independent School District v. County Board of School Trustees of Navarro County,* 334 S.W.2d 588 (Tex.Civ.App.—Waco 1960, writ ref'd n.r.e.). The legislature has authority to provide the mechanisms by which school district lines will be changed. *Alanreed Independent School District v. McLean Independent School District,* 354 S.W.2d 232 (Tex.Civ.App.—Amarillo 1962, writ ref'd n.r.e.).

Given appellant's choice to offer this limited argument to the trial court, we are unable to say that appellant demonstrated a probable right to recover. Consequently, the trial court did not abuse its discretion in denying the temporary injunction. Accordingly, the order denying the temporary injunction is affirmed.