

# The Attorney General of Texas

September 15, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
ston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Danny Anchondo
El Paso County Attorney
Room 201, City-County Bldg.
El Paso, Texas    79901

Opinion No. JM-544

Re:  Whether a political subdivision
may annex territory which the legis-
lature has designated as territory
to be included in a new special
district

Dear Mr. Anchondo:

Pursuant to article XVI, section 59, of the Texas Constitution, the Sixty-ninth Legislature authorized the creation of a new water conservation and reclamation district to be known as the El Paso County Lower Valley Water District Authority. Acts 1985, 69th Leg., ch. 780, at 5611. The act authorizing the creation of the district contains the following pertinent language:

> Before the authority is created, a confirmation election must be called and held within the boundaries of the proposed authority in accordance with Sections 54.026 through 54.029, Water Code. Creation of the authority must be approved by a majority of the qualified voters of the proposed authority voting at the election.

Id. §2B at 5616-5617.

The El Paso County Water Authority, also a water conservation and reclamation district, was established pursuant to article XVI, section 59, of the Texas Constitution in 1961. Acts 1961, 57th Leg., 1st C.S., ch. 32, at 136. See also Acts 1969, 61st Leg., ch. 718, at 2098; Acts 1971, 62nd Leg., ch. 314, at 1254. The El Paso County Water Authority has the authority to annex land. Acts 1971, 62nd Leg., ch. 314, at 1254, 1255. The board of directors of the district has received petitions submitted by a number of landowners requesting annexation to the El Paso County Water Authority. See Water Code §§50.051, 51.714-51.717. The land described in these petitions lies within the proposed boundaries of the El Paso County Lower Valley Water District Authority. Your office requests our opinion on the following question:

> Can territory designated by the legislature to be
> included in the [El Paso County] Lower Valley
> [Water] District Authority be legally annexed by
> another political subdivision prior to the
> confirmation election as called for in the
> legislative enactment of the new district?

Assuming that the annexing political subdivision has properly acquired jurisdiction over the disputed territory prior to the commencement of legal proceedings over the same area by the newly designated water district, your question can be answered in the affirmative. The effect of such annexation would be to detach the annexed territory from the territory of the proposed district. An explanation follows.

Water districts are political subdivisions of the state and stand on the same footing as counties. See Tex. Const. art. XVI, §59(b); Sears v. Colorado River Municipal Water District, 487 S.W.2d 810 (Tex. Civ. App. - Eastland 1972, writ ref'd n.r.e.). For the purposes of article III, section 53, of the Texas Constitution, however, water districts are regarded as municipalities. Attorney General Opinion V-787 (1949) and authorities cited therein. Further, it has been held that the principles applicable to annexation by municipalities should also apply to water districts. See State ex rel. Spring Hill Utility District v. City of Longview, 642 S.W.2d 544, 549 (Tex. App. - Tyler 1982), rev'd on other grounds, 657 S.W.2d 430 (Tex. 1983).

The general rule in this state is that two municipal corporations cannot exercise the same general governmental authority over the same area. See City of Nassau Bay v. City of Webster, 600 S.W.2d 905 (Tex. Civ. App. - Houston [1st Dist.] 1980), writ ref'd n.r.e. per curiam, 608 S.W.2d 618 (Tex. 1980); City of Galena Park v. City of Houston, 133 S.W.2d 162 (Tex. Civ. App. - Galveston 1939, writ ref'd); Attorney General Opinion JM-400 (1985).

In resolving disputes between municipal corporations which assert jurisdiction over the same territory, the courts have adopted a rule of priority. Between two political subdivisions of concurrent or coordinate authority, the courts adhere to the following rule:

> The municipal authority, be it one having a legal
> existence or in the process of organization, which
> first commences legal proceedings asserting
> authority over a given territory thereby acquires
> a jurisdiction over the same which cannot
> thereafter be defeated by a subsequent attempted
> exercise of jurisdiction by a similar municipal
> organization. [Citations omitted].

State ex rel. City of Fort Worth v. Town of Lakeside, 328 S.W.2d 245, 247 (Tex. Civ. App. - Fort Worth 1959, writ ref'd). Applying this rule to the present inquiry, it becomes necessary to determine what constitutes the commencement of legal proceedings sufficient to grant one entity jurisdiction over a given area to the exclusion of the other. It would be helpful to begin by discussing some matters which do not determine the question of jurisdiction.

For instance, it is clear that the legislature's designation of the boundaries of a proposed water district does not confer any particular rights with respect to such boundaries. A water district is not "created" until it receives the voters' approval at a confirmation election and may not exercise any of its powers prior to the confirmation election. See Water Code §54.026; Attorney General Opinion Nos. MW-380 (1981); WW-1 (1957).

In addition, the courts hold that a political subdivision has no vested or contract rights in its designated boundaries. See Lyford Independent School District v. Willamar Independent School District, 34 S.W.2d 854 (Tex. Comm'n App. 1931, judgmt adopted); San Diego Independent School District v. Central Education Agency, 634 S.W.2d 50 (Tex. App. - Austin 1982, no writ); Hunt County v. Rains County, 7 S.W.2d 648 (Tex. Civ. App. - Texarkana 1925, no writ). The legislature may provide methods whereby such boundaries are reduced, provided the reduction in territory does not prevent the political subdivision from meeting its lawful indebtedness. Id.

The legislature has provided such methods in this instance. The boundaries of the El Paso County Lower Valley Water District Authority are subject to the creation of two municipal utility districts also authorized by the Sixty-ninth Legislature. See Acts 1985, 69th Leg., chs. 683, 684, at 5121, 5132 (authorizing Homestead Municipal Utility Districts Nos. 1 and 2). If either of the municipal utility districts is approved at a confirmation election, the territory of the approved district is to be excluded from the boundaries of the El Paso County Lower Valley Water District Authority. Acts 1985, 69th Leg., ch. 780, §2A, at 5611, 5616.

In one instance a court held that a water district could condemn land entirely within the boundaries of another water district where the power of eminent domain was granted by statute and its exercise was essential to the operation of the water district, and where the latter district was no more than a bare legal entity, having exercised none of its authorized powers. Lower Nueces River Water Supply District v. Cartwright, 274 S.W.2d 199 (Tex. Civ. App. - San Antonio 1954, writ ref'd n.r.e.). Thus, we do not believe that the legislature's "designation" of the El Paso County Lower Valley Water District Authority constitutes the commencement of legal proceedings so as to confer upon the proposed district exclusive jurisdiction over

the disputed territory.  Cf. Jackson v. Texas Water Rights Commission, 512 S.W.2d 696 (Tex. Civ. App. - Beaumont 1974, no writ) ("designation" of a water district does not confer authority to act prior to its "creation").

The courts hold that the submission of a petition for annexation which is regular on its face is sufficient to invoke the jurisdiction of the political subdivision to determine whether the petition satisfies statutory requirements.  School Board of the City of Marshall v. State, 343 S.W.2d 247 (Tex. 1961).  This jurisdiction is effective against subsequent attempts by adverse parties to exercise jurisdiction over the same territory.  Pennington v. City of Corpus Christi, 363 S.W.2d 502 (Tex. Civ. App. - San Antonio 1962, writ ref'd n.r.e.), cert. denied, 375 U.S. 439 (1964).

The courts also hold that the filing of a petition for incorporation as a separate municipality marks the commencement of legal proceedings so as to give that entity jurisdiction over the territory described in the petition and to preclude the subsequent attempt of another municipality to annex the same territory.  See Perkins v. Ingalsbe, 347 S.W.2d 926 (Tex. 1961); Universal City v. City of Selma, 514 S.W.2d 64 (Tex. Civ. App. - Waco 1974, writ ref'd n.r.e.); City of El Paso v. State ex rel. Town of Ascarate, 209 S.W.2d 989 (Tex. Civ. App. - El Paso 1947, writ ref'd).  However, one court held that where the filing of a petition for incorporation did not result in the procuring of an order from the county judge calling for an election on the question of incorporation, a city was not deprived of the authority to annex the territory described in the petition. State ex rel. Wilkinson v. Self, 191 S.W.2d 756 (Tex. Civ. App. - San Antonio 1945, no writ).  But see State ex rel. City of Fort Worth v. Town of Lakeside, 328 S.W.2d 245 (Tex. Civ. App. - Fort Worth 1959, writ ref'd) (petition for incorporation was offered to county judge's assistant for acceptance, but was mistakenly rejected by assistant; court held that this was sufficient to confer authority upon new municipality and that city's attempt to annex same territory one day later was without legal effect).  These cases do not address the situation in which the formation of a political subdivision is not initiated by petition, but by an act of legislature.  Nonetheless, we believe that these cases do offer guidance in resolving our inquiry.

In determining whether one political subdivision has acquired jurisdiction over disputed territory to the exclusion of another, the courts require some official act taken pursuant to law which manifests the intention of the political subdivision to exercise jurisdiction over the disputed territory.  See, e.g., Perkins v. Ingalsbe, supra (filing of petition for incorporation followed by order from county judge calling for election on question of incorporation); State ex rel. City of Fort Worth v. Town of Lakeside, supra (same); Universal City v. City of Selma, supra (same); City of El Paso v. State ex rel.

Town of Ascarate, supra (same).  See also School Board of the City of Marshall v. State, supra (initiation of annexation proceedings by city commission); Beyer v. Templeton, 212 S.W.2d 134 (Tex. 1948) (first reading of annexation ordinance in accordance with city charter); City of Arlington v. City of Grand Prairie, 451 S.W.2d 284 (Tex. Civ. App. - Fort Worth 1979, writ ref'd n.r.e.) (same); Pennington v. City of Corpus Christi, supra (initiation of annexation proceedings by city council); City of Fort Worth v. State ex rel. Ridglea Village, 186 S.W.2d 323 (Tex. Civ. App. - Fort Worth 1945, writ ref'd w.o.m.) (city council's adoption of resolution pursuant to article 1171, V.T.C.S.). In the absence of any such official act, the political subdivision is deemed to have abandoned its jurisdiction over the territory.  See State ex rel. Wilkinson v. Self, supra.

Accordingly, the El Paso County Water Authority may annex territory within the designated boundaries of the proposed El Paso County Lower Valley Water District Authority if it has received valid landowner petitions for annexation and if it has not abandoned its jurisdiction over the territory, i.e., it has not rejected the petitions for annexation.  See Water Code §§50.051, 51.714 (addition of land to water district by petition of landowner); 51.716 (hearing and determination on petition by board of directors).  The authority to annex the disputed territory would not exist, however, if it is determined that the El Paso County Lower Valley Water District Authority had taken official action with respect to the entire area encompassed by its proposed boundaries before the petitions for annexation were filed with the competing district.  For the purposes of this opinion, an order by the temporary board of directors calling the confirmation election would constitute the commencement of legal proceedings sufficient to confer jurisdiction over the disputed areas. See Acts 1985, 69th Leg., ch. 780, §2B, at 5616-5617; Water Code §§54.026-54.029 (relating to confirmation election); Election Code §3.004(b) (requiring the governing body of a political subdivision to issue order for election relating to the affairs of the political subdivision when laws requiring the election do not delegate such authority).

You have not supplied us with enough information upon which to base a complete answer.  Assuming, however, that the El Paso County Water Authority has properly acquired jurisdiction over the territory described in the petitions for annexation and has lawfully annexed such territory, the legal effect of this action would, in our opinion, be to detach the territory from the designated boundaries of the El Paso County Lower Valley Water District Authority.  See generally Lyford Independent School District v. Willamar Independent School District, supra; Young v. Edna Independent School District, 34 S.W.2d 857 (Tex. Comm'n App. 1931, judgmt adopted); San Diego Independent School District v. Central Education Agency, supra.

### S U M M A R Y

Territory situated within the proposed boundaries of a newly designated water district may be annexed prior to the designated district's calling of a confirmation election by another water district which has acquired jurisdiction over the territory.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General