W. N. CONNELL v. B. L. McFARLAND DRILLING COMPANY

No. A-8354. Decided June 14, 1961
(347 S. W. 2d Series 565)

*Finley & Scogin,* of Kermit, for petitioner.

*Stubbeman, McRae, Sealy & Laughlin,* of Midland, for respondent.

PER CURIAM.

Petitioner has filed his motion to dismiss this cause for the reason that it is now moot. The facts are that petitioner, as plaintiff, filed this suit against respondent-defendant in the District Court of Upton County, Texas, seeking to recover a money judgment for the value of caliche alleged to have been taken from petitioner's land by respondent, and for damages inflicted on petitioner's land. Petitioner sued for the value of the caliche taken by the defendant from a pit on his land and for damages done to the grazing surface of his land by digging of the caliche pit. Plaintiff also alleged that defendant entered onto his land under an oil and gas lease and constructed various roads two miles long, and, in constructing said roads, used 10 acres more land than was reasonably necessary, or which defendant had a right to use; that defendant, acting under the oil and gas lease "constructed approximately four oil and/or gas well locations" and used more land than was reasonably necessary; that defendant constructed two tank batteries on plaintiff's land and in so doing used more land than was reasonably necessary; and plaintiff asked for damages for such excess of his land that was not reasonably necessary. Plaintiff further pled that if defendant had a right to take and use any caliche the defendant took more caliche than was reasonably necessary in his operations, and that defendant dug, or caused to be dug, more caliche pits than were reasonably necessary and at unreasonable locations for such pits. Plaintiff sought exemplary damages alleging that defendant, in entering upon plaintiff's

land and excavating and converting the caliche to defendant's own use, was a willful trespasser. Plaintiff's prayer was for $8,150.00 actual damages and $2,000.00 exemplary damages for the wrongs of defendant.

Defendant answered by a special exception to each of the acts complained of by petitioner. These exceptions were based upon the rights which defendant contended he had under the provisions of the oil and gas lease on plaintiff's land. Defendant, in these exceptions, claimed that he used no more of plaintiff's caliche and land than was reasonably necessary "in developing the leased property for oil and gas purposes." Defendant also alleged that he made a reasonable use of plaintiff's land in developing same for oil and gas purposes. Defendant then filed a general denial and prayed that plaintiff take nothing and that defendant go "hence with his costs and without day." The prayer of each party asked for other and further relief, general and special, at law and in equity.

The case was tried by the court without a jury and judgment rendered for plaintiff for $581.25 damages, interest and costs. The court included his findings of fact and conclusions of law in his judgment. Among these were findings that the land used for roads, drilling sites, tank batteries, and other cited uses was not more than was reasonably necessary to develop the plaintiff's land for oil and gas purposes; that defendant was a trespasser in excavating the caliche pit and using the caliche therefrom. The money judgment was for the depreciation in value for grazing purposes of the one acre of land used for the caliche pit, and for 2,105 cubic yards of caliche which defendant had taken from such pit.

On appeal the Court of Civil Appeals reversed and rendered the judgment of the trial court holding that the oil and gas lease held by defendant and under which he was developing plaintiff's land for oil and gas, gave defendant the right to do the things he had done. Judgment was that defendant was not liable and costs were assessed against the plaintiff. 344 S.W. 2d 493.

Between the time that notice of appeal from the trial court's judgment was given by defendant and the submission of the cause in the Court of Civil Appeals, plaintiff filed, with the clerk of the court, two releases in each of which he stated that he had been satisfied and compensated and that for a valuable

consideration he was releasing defendant from any further claims. Plaintiff also filed in the Court of Civil Appeals a motion to dismiss the appeal on the ground that the questions involved had become moot. The Court of Civil Appeals overruled the motion to dismiss because there was a substantial question properly raised, to wit: Can the holder of an oil and gas lease be the free user of caliche found on the lease for development of the lease, or has such holder become a trespasser to the surface owner's rights to the surface when he uses caliche on the leasehold premises and nowhere else?

■ In refusing to sustain petitioner's motion to dismiss this cause upon the fact that it had become moot, a majority of the Court holds that the Court of Civil Appeals was in error. Our courts will not continue to litigate a controversy that has ceased to exist and where the controversy between the parties has been settled. Padgitt v. Young County, 1921, 111 Tex. 98, 229 S.W. 459; California Products, Inc. v. Puretex Lemon Juice, Inc., 1960, 160 Tex. 586, 334 S.W. 2d 780; State v. Society for Friendless Children, 1938, 130 Tex. 533, 111 S.W. 2d 1075.

■ The judgment of the trial court was based on a trespass and conversion prior to the trial of this cause. Neither party sought a declaratory judgment determining their respective rights under the oil and gas lease. The judgment of the trial court is not res judicata or stare decisis of these rights in any future litigation, if any, between the parties involving these leases.

In accordance with the procedure set forth in Guajardo v. Alamo Lumber Company, 1958, 159 Tex. 225, 317 S.W. 2d 725 and Freeman v. Burrows, et al, 1943, 141 Tex. 318, 171 S.W. 2d 863, writ of error is granted, and all orders and judgments of the courts below are set aside and this case is dismissed at the cost of petitioner.