HUMBLE OIL & REFINING COMPANY
(Exxon Corporation, Successor),
Appellant,

v.

Jay M. PRESTON, Appellee.

No. 7395.

Court of Civil Appeals of Texas,
Beaumont.

June 13, 1974.

Robert D. McGee and Carnegie H. Mims, Jr., Stephen D. Susman, William R. Pakalka, Fulbright & Jaworski, Houston, for appellant.

Charles H. Clark, Tyler, for appellee.

KEITH, Justice.

Pursuant to the mandate of the Supreme Court of the United States, we reconsider our prior judgment wherein the supporting opinion is reported in 487 S.W.2d 956. After the writ of error had been dismissed by the Supreme Court of Texas, Exxon appealed to the Supreme Court of the United States and that court noted probable jurisdiction. 414 U.S. 1038, 94 S.Ct. 538, 38 L.Ed.2d 328 (1973). Thereafter, plaintiff filed his motion in the District Court of Jefferson County, from which this case was appealed, seeking for the first time to "withdraw" his opposition to Exxon's plea of privilege. Without stating any reason therefor, the trial court overruled the motion, the order being entered on December 27, 1973.

Exxon filed its brief in the Supreme Court of the United States on January 8, 1974, at which time the only remaining steps in the appeal were (a) the filing of plaintiff's brief, (b) oral argument, and (c) the announcement of the decision. These final steps were not taken because, on January 23, 1974, plaintiff filed an instrument in the Supreme Court styled "Express Waiver of Right to File Brief in Opposition" wherein he recounted his efforts to persuade Judge Clayton to permit the withdrawal of his opposition to Exxon's plea of privilege. Plaintiff averred his agreement "to change venue from Jefferson County to Harris County", as sought by Exxon, and contended that such action on his part had rendered moot the challenge to the constitutionality of subdivision 27, Art. 1995, Vernon's Ann.Civ.St.

Thereafter, the Supreme Court of the United States vacated the judgment of this court and remanded the cause for consideration of the question of mootness, the order reading in part as follows:

"ON CONSIDERATION WHEREOF, it was ordered and adjudged on February 19, 1974, by this Court that upon receiving and filing the appellee's [plaintiff's] waiver of right to file an opposing brief with his representation that he no longer opposes the change of venue of the litigation to Harris County, Texas, judgment of the said Court of Civil Appeals in this cause be vacated with costs, and that this cause be remanded to the Court of Civil Appeals of the State of Texas, Ninth Supreme Judicial District, to consider whether the venue issue has become moot." [415 U.S. 904, 94 S. Ct. 1394, 39 L.Ed.2d 459 (1974); emphasis supplied]

We directed the filing of briefs confined to the question of mootness and have been favored with a brief by Exxon contending that the issue is viable and not moot. Plaintiff filed no brief, contenting himself with the filing of an instrument wherein "he expressly waives his right to file a Brief in response to Appellant's Brief filed herein on April 8, 1974."

■ We do not recount the factual structure of this case because on remand our Court must follow the rule so well stated in Hermann v. Brownell, 274 F.2d 842, 843 (9th Cir. 1960):

"When a case is appealed from this Court to the Supreme Court, this Court completely loses jurisdiction of the cause. Thereafter, our jurisdiction can be revived only upon the mandate of the Supreme Court itself, and even upon such restoration, the jurisdiction of this Court is rigidly limited to those points, and those points only, specifically consigned to our consideration by the Supreme Court.

"In the instant case, this Court is functioning under such a remand. Consequently, our jurisdiction is strictly limited by the Supreme Court's mandate. That mandate is our compass and our guide."

■ Under Texas law, venue rulings acquire the same finality as judgments on the merits. Wichita Falls & S. R. Co. v. McDonald, 141 Tex. 555, 174 S.W.2d 951, 952 (1943); Williams v. Pitts, 151 Tex. 408, 251 S.W.2d 148, 149–150 (1952). However, the power of the trial court to try the case on the merits is not suspended during the pendency of an appeal from an order overruling the plea of privilege. Allen v. Woodward, 111 Tex. 457, 239 S.W. 602, 22 A.L.R. 1253 (1922); Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306, 310 (1939); Smith v. Crockett Production Credit Association, 372 S.W.2d 956, 959 (Tex.Civ.App., Houston, 1963, error ref. n. r. e.).

■■ Thus, even while the venue ruling is upon appeal, the trial court retains the basic lawsuit for trial on the merits and, upon an appropriate motion by the plaintiff, may grant a nonsuit of the entire case. Unquestionably, had plaintiff made such a motion in the trial court, the venue appeal would have become moot. McNeill v. Hubert, 119 Tex. 18, 23 S.W.2d 331 (1930). See also, Slaughter v. Carter, 410 S.W.2d 496 (Tex.Civ.App., Waco, 1966, no writ), and cases therein cited.

Plaintiff made no such motion in the trial court for a very obvious reason: his cause of action, upon refiling, would have been barred by the two-year statute of limitation, Art. 5526, V.A.C.S.

As presented originally by the pleadings in the trial and the appellate courts, the ultimate issue in this cause was simply venue: Where was the case going to be heard on the merits?—in Harris County or Jefferson County? Had Exxon succeeded at any level in the judicial hierarchy, the

most favorable *judgment* which it could have procured was one ordering venue of the cause transferred from Beaumont to Houston. Plaintiff now agrees to such a transfer but, understandably, Exxon is unwilling to accept this Pyrrhic victory when it was so close to the ultimate and definitive solution to the serious constitutional question which it had urged upon the Courts of Texas.

■ Exxon, contending the case is not moot, would continue its constitutional challenge of subdivision 27 in the hope of achieving its avowed goal of having it declared repugnant to the Constitution of the United States. But, such a challenge must await another case and another day for, as Chief Justice Hickman, in Tigner v. First Nat. Bank of Angleton, 153 Tex. 69, 264 S.W.2d 85, 88 (1954), quoting from a text, said:

" 'One of the most firmly established doctrines in the field of constitutional law is to the effect that a court will pass upon the constitutionality of a law only when necessary to the determination upon the merits of the cause under consideration. The constitutionality of a statute will not be considered and determined by the courts as a hypothetical question, because constitutional questions are not to be dealt with abstractly or in the manner of an academic discussion.' "

The same rule is applicable in the federal court system. As was said in Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 7 L. Ed.2d 663, 678 (1962):

"A federal court cannot 'pronounce any statute, either of a state or of the United States, void, because irreconcilable with the constitution, except as it is called upon to adjudge the legal rights of litigants in actual controversies.' Liverpool, N.Y. & P. Steamship Co. v. Commissioners of Emigration, 113 U.S. 33, 39, 5 S.Ct. 532, 28 L.Ed. 899, 901."

■ There is no present actual controversy between the parties as to the controlling question before this court—venue of plaintiff's cause of action against Exxon. Thus, we answer the question specifically consigned to this court: The venue issue has become moot. Cf. Connell v. B. L. McFarland Drilling Co., 162 Tex. 345, 347 S.W.2d 565, 567 (1961).

■ Having determined that the case has become moot while upon appeal, we are now faced with a procedural problem stemming from the inapplicability of the usual rule which is stated in Freeman v. Burrows, 141 Tex. 318, 171 S.W.2d 863 (1943): "When a cause becomes moot on appeal, all previous orders and judgments should be set aside and the cause, not merely the appeal, dismissed." (citations omitted) See also, Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460 (1952); Guajardo v. Alamo Lumber Co., 159 Tex. 225, 317 S.W.2d 725 (1958); Blanton v. City of Houston, 163 Tex. 224, 353 S.W.2d 412 (1962); Lund v. Alanis, 384 S.W.2d 123 (Tex.1964).

■ Obviously, our compliance with this generally prevailing rule would deny to Exxon even the limited relief to which it is entitled under the concession of plaintiff which resulted in aborting the appeal. However, in our effort to fashion a remedy to meet this unusual situation, we must bear in mind another equally well-established rule: An errorless judgment may not be reversed in the interest of justice. See, e. g., City of Houston v. Blackbird, 394 S.W.2d 159, 165 (Tex.1965); Barnum v. Lopez, 471 S.W.2d 567, 568 (Tex.1971); Chevalier v. Lane's, Inc., 147 Tex. 106, 213 S.W.2d 530, 535 (1948). And, as we pointed out on original submission of this cause, the trial court committed no error *under the prevailing law of this state,* when it overruled the plea of privilege. There has been no change in the law since that opinion was handed down.

■ In order to place our problem in proper perspective, it is well to recapitulate the procedural morass in which we are

now embedded: (1) We have a case which has become moot while upon appeal, at the instance of the appellee and without fault on the part of the appellant; yet, we cannot take the usual steps to dispose of the cause. (2) The judgment of the trial court on the venue issue has now become final and the only relief which the trial court could grant would be the entry of a judgment of dismissal upon plaintiff's motion for leave to take a nonsuit; yet, this would deny plaintiff a trial on the merits. (3) We review an errorless judgment and the usual rules prohibit us from reversing an errorless judgment.

Our research has not disclosed controlling authority which directs the only just result which we may reach in the disposition of this case—its transfer to Harris County for trial on the merits. Under these circumstances, we must attempt to attain the objective of Rule 1, Texas Rules of Civil Procedure—"a just, fair, equitable and impartial adjudication of the rights of litigants . . .."

We can accomplish this, and confer upon Exxon the right to litigate the merits of plaintiff's cause of action in Harris County *only* by exercising jurisdiction to transfer this cause, notwithstanding our determination that the appeal is moot. We do so in the interest of justice upon the basis of plaintiff's concession noted above. Such an order will be entered as the judgment of this Court.*

 There yet remains the adjudication of costs of court, and we note that the Supreme Court of the United States has already adjudicated costs in that Court— "that Exxon Corporation recover from Jay M. Preston One Hundred and Fifty Dollars ($150) for its costs herein expended." The Clerk of that Court has advised that the costs adjudged against plaintiff "may be collected through the Court of Civil Ap-

peals of Texas, Ninth Supreme Judicial District or direct from opposing counsel or parties." We now assess costs of this venue appeal in all courts, including the Supreme Court of the United States, against the plaintiff. Rule 448.

Therefore, pursuant to the prayer of Exxon Corporation contained in its plea of privilege, consistent with the concession of the plaintiff, and in the interest of justice, the judgment of the trial court is now reversed and the judgment rendered transferring this cause to one of the District Courts of Harris County, Texas, for trial upon the merits.

Reversed and rendered.

* Justice Roberts, dissenting in Smith v. Allwright, 321 U.S. 649, 669, 64 S.Ct. 757, 768, 88 L.Ed. 987, 1000 (1944), characterized a judgment of that Court as being of the "same class as a restricted railroad ticket, good for this day and train only." Such comment may very well be addressed to our holding today.