Darrell **JACKSON** et al., Appellants,

v.

**TEXAS WATER RIGHTS COMMIS-SION** et al., Appellees.

No. 7580.

Court of Civil Appeals, Beaumont.

July 11, 1974.

————◆————

W. B. Browder, Jr., Midland, Don Graf, Lubbock, for appellants.

John Hill, Atty. Gen., Austin Furse, Asst. Atty. Gen., Austin, for appellees.

STEPHENSON, Justice.

This is an appeal from a judgment of the trial court that plaintiffs take nothing by their suit challenging the creation and operation of the South Plains Underground Water Conservation District No. 4 (District). A jury was selected but then dismissed, and the case was tried before the court. The parties will be referred to here as they were in the trial court.

CALENDAR OF EVENTS

May 8, 1956, the Texas Water Rights Commission (Commission) entered an order defining this District.

April 13, 1965, the Commission entered an order altering and redefining this District.

December 1, 1965, a petition was presented to the Commission praying for the creation of this District.

February 2, 1966, an order was entered by the Commission creating and organizing this District.

April 26, 1966, an election was held, and a majority voted against the confirmation of the District.

October 5, 1972, the Commission had a hearing and granted a petition for the creation and organization of the District.

November 2, 1972, plaintiff filed suit attacking the order of October 5, 1972.

November 9, 1972, the formal order of the Commission was entered, granting the petition for the creation of the District and finding the proposed District to be feasible and practicable and that it would be a public benefit and utility and ordering that the boundaries of the District were to be coterminous with the previously designated subdivision by the order of the Commission dated April 13, 1965.

April 2, 1973, amended pleadings were filed attacking both orders.

October 4, 1973, judgment was rendered in which the order of April 13, 1965, was held to be a valid and effective order, and the court found the order of November 9, 1972, was supported by substantial evidence.

November 6, 1973, an election was held, and again a majority voted against the confirmation of the District.

The first question for this court to decide is whether this case is now moot. We have come to the conclusion that it is moot.

The last amended petition filed by plaintiffs mentioned the order of the Commission of April 13, 1965, but the only relief sought was the cancellation of the orders of October 5, 1972, and November 9, 1972. The last amended answer filed by the District contained a special exception urging an exception to the pleading as to the order of April 13, 1965, on the ground that there had been no appeal within thirty days from such order. Then by Supplemental Answer the District made the same allegation in reference to no appeal being taken from the order of April 13, 1965, as a plea in bar. Section 52.024(d) of the Texas Water Code, V.T.C.A., provides, in effect, that all questions essential to the existence of a subdivision are conclusive and final unless a suit is brought under Section 52.301 of such code within thirty days following the date the Commission enters its order.

Section 51.034(a) of the Texas Water Code reads as follows:

"Result of Election; Entry of Order

"(a) If the majority of those voting at an election held under Section 51.033 of

this code vote in favor of the confirmation of the district, the district is confirmed and ratified, but if the majority of those voting at the election vote against the confirmation of the district, the district shall have no further authority, except that any debts incurred shall be paid and the organization of the district shall be maintained until all the debts are paid."

■ The law has long been settled in this state that this court cannot write advisory opinions. (Citing case: Morrow v. Corbin, 122 Tex. 553, 62 S.W.2d 641 (1933)). An opinion in this case would be nothing more than an advisory opinion.

■ There is no longer a real controversy between the parties. In order to understand this decision, it is important that the terms used be understood. It must be kept in mind that the "designation" of a district and "creation" of a district do not have the same meaning. Under the Statutes before, and under the Texas Water Code now (Section 52.024), the Commission, either on its own motion or petition, after notice and hearing, has the authority to *designate* a district. Section 52.023 of this Code makes it clear that the Commission cannot consider a petition to *create* a district unless such district has previously been designated by the Commission. Also, under the Code, the *creation* of a district can be considered only if a petition is filed in accordance with the Code. The steps outlined by the Code for *creation* of a district are set forth in Sections 51.012, 51.013, 51.014, 51.015, 51.016, 51.027, 51.028, 51.029, 51.030, and 51.031. Those steps generally are as follows:

1. The filing of a petition.

2. Notice of a hearing of the petition.

3. Hearing and order.

4. Appointment of directors.

5. Calling of an election by directors.

6. Election for confirmation of the District.

The orders attacked in this lawsuit of October 5, 1972, and November 9, 1972, do no more than take the first step in the creation of the District. As stated above, the only relief asked for was the cancellation of those orders. Such cancellation was effectively accomplished when the election refused to confirm the District. Regardless of what action this court might take, there will be no District, and the end result desired by plaintiffs has been reached. According to our construction of the Texas Water Code, there is no provision for reconsideration of the *creation* of this District in the absence of a new petition followed by the steps outlined above.

■ This court is obligated to reverse the judgment of the trial court and dismiss the case, because it has become moot. Our courts will not continue to litigate a controversy that has ceased to exist and where the controversy between the parties has been settled. Connell v. B. L. McFarland Drilling Contractor, 162 Tex. 345, 347 S. W.2d 565, 567 (1961). Chief Justice Calvert in a concurring opinion in Carrillo v. State, 480 S.W.2d 612 (Tex.1972), has collated the cases and has an excellent discourse on mootness. At Page 619, he quotes from McNeill v. Hubert, 119 Tex. 18, 23 S.W.2d 331, 333 (1930), as follows:

"'A case becomes moot when it appears that *one* seeks to obtain a judgment upon some pretended controversy when in reality none exists, or when he *seeks judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy.*'"

Reversed and dismissed.

KEITH, J., concurs in the result: reversal of the judgment of the trial court and dismissal of the cause.