**TWO PESOS, INC., Appellant,**

v.

**GULF INSURANCE COMPANY, Appellee.**

No. 14–93–00371–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Motion for Rehearing Granted, Opinion of September 8, 1994 Withdrawn; Affirmed and Opinion filed June 8, 1995.

Rehearing Overruled July 13, 1995.

J. Douglas Sutter, Charles W. Kelly, Houston, for appellant.

John H. Boswell, Gene F. Creely, II, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION ON MOTION
## FOR REHEARING

LEE, Justice.

After granting appellee's motion for rehearing, we withdraw our opinion on original submission and substitute the following.

This is an appeal from a summary judgment in a declaratory judgment action brought by appellee, Gulf Insurance Company ("Gulf"), to determine coverage under a general liability policy it issued to appellant, Two Pesos, Inc. ("Two Pesos"). Two Pesos counterclaimed in the declaratory action, alleging bad faith denial of coverage. The central issue determining coverage is whether a claim for supplemental damages from continued trade dress infringement is considered an offense occurring during the policy period of a liability policy commencing some fifteen months after rendition of a judgment originally awarding damages for infringement. The trial court granted summary judgment denying coverage and holding that Two Pesos take nothing on its counterclaims. Two Pesos now appeals in three points of error. We affirm.

Two Pesos operated a chain of fast-food restaurants serving Mexican food. In 1987, Taco Cabana, Inc. ("Taco Cabana"), another Mexican food restaurant, sued Two Pesos in the United States District Court for the Southern District of Texas, Houston Division, alleging in part that the "trade dress and appearance" of Two Pesos' restaurants was confusingly similar to those of Taco Cabana and that Two Pesos used trade secrets belonging to Taco Cabana.[1] After a jury trial, the federal court entered a judgment dated December 30, 1988, against Two Pesos awarding over $2 million in damages to Taco Cabana for intentional and deliberate infringement of its trade dress and misappropriation of trade secrets. In the judgment, the federal court also issued a permanent injunction ordering Two Pesos to change the appearance of its restaurants. Two Pesos then appealed to the Fifth Circuit Court of Appeals and the United States Supreme Court, and both courts affirmed the judgment. *Taco Cabana, Inc. v. Two Pesos, Inc.*, 932 F.2d 1113 (5th Cir.1991), *aff'd,* —— U.S. ——, 112 S.Ct. 2753, 120 L.Ed.2d 615 (1992).[2]

On August 6, 1991, while these appeals were pending, Taco Cabana filed a motion in federal district court asking the court to award "supplemental" damages it suffered after the entry of the original judgment. Taco Cabana sought these damages because it alleged Two Pesos "has not changed its conduct or its trade dress during the pendency of its appeal and Taco Cabana has been damaged as a result of Two Pesos' continuing violation of its rights." In its motion, Taco Cabana claimed that "supplemental damages" were proper "since trade dress infringement is a continuing tort."

Two Pesos obtained the general liability policy at issue from Gulf after the judgment was rendered and under appeal, but Two Pesos disclosed the litigation on its application. The policy covered the period of March 1, 1990 through March 1, 1991. Two Pesos notified Gulf of the supplemental damages claim and sought coverage under the Gulf policy's advertising injury liability provisions. By letter dated February 27, 1992, Gulf denied coverage. Gulf then filed this action in state court seeking a declaration of non-liability regarding its duty to defend and duty to indemnify Two Pesos in the Taco Cabana suit, and Two Pesos brought its counterclaims related to Gulf's alleged bad faith denial of coverage.

■ Gulf moved for summary judgment claiming that its policy did not afford coverage because:

(1) Taco Cabana's "supplemental damages" claim did not arise from an "offense" which occurred during the Gulf policy period, but instead it was merely a continuation of damages from an offense committed prior to the policy period;

(2) Taco Cabana's "supplemental damages" claim did not arise from a "fortuitous" loss against which liability insurance is intended to cover, but was instead a "known loss" or "loss in progress;" and

1. "The 'trade dress' of a product is essentially its total image and overall appearance." *Blue Bell Bio–Medical v. Cin–Bad, Inc.,* 864 F.2d 1253, 1256 (5th Cir.1989).

2. Two Pesos contends the injunction was stayed pending appeal, and we note that Taco Cabana did not bring an action for violation of the injunction. It appears from the record that Two Pesos filed a supersedeas bond to stay enforcement of the judgment and the court indicated it would also stay the injunction, although no formal order was entered.

(3) coverage for the "supplemental damages" claim for continued trade dress infringement, as a "known loss" and in violation of the injunction, would violate public policy.

The trial court held that there was no coverage under the Gulf policy for Taco Cabana's claims for supplemental damages and ordered that Two Pesos take nothing on all of its counterclaims due to the nonexistence of coverage. Two Pesos then brought this appeal. When a summary judgment does not specify the ground upon which the trial court granted it, as here, we will affirm the judgment if any one of the theories advanced in the motion is meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989).

During the pendency of this appeal, Two Pesos notified this Court that Taco Cabana acquired the bulk of Two Pesos' assets. As part of the acquisition agreement, Taco Cabana agreed to dismiss with prejudice its supplemental damages claim against Two Pesos. Gulf argues that the dismissal of the supplemental damages claim renders all of the issues in this appeal moot.

We concur that the indemnification issue raised in Two Pesos' second point of error is moot. Originally, Two Pesos argued that the indemnification issue was not ripe for adjudication. A determination of Gulf's duty to indemnify Two Pesos is contingent on an adverse judgment or settlement agreement, and there had been none when the summary judgment was granted and this appeal was first brought. *See Firemen's Ins. Co. v. Burch*, 442 S.W.2d 331, 332–33 (Tex. 1968); *Granite Construction Co. v. Bituminous Ins. Cos.*, 832 S.W.2d 427, 429 (Tex. App.—Amarillo 1992, no writ). Now, after the acquisition agreement and dismissal of the underlying suit, Two Pesos is not legally obligated to pay damages so as invoke the policy's insuring agreement, and there cannot be an adverse judgment for which Gulf would be required to indemnify Two Pesos. We do not decide an issue that has ceased to exist. *Connell v. B.L. McFarland Drilling Contractor*, 162 Tex. 345, 347 S.W.2d 565, 567 (1961).

Were it not for the counterclaims alleging bad faith, we might agree that the remaining issues are also moot. Even though the underlying claim has been settled, Two Pesos is not necessarily precluded from pursuing its claims against Gulf for bad faith denial of coverage. Accordingly, we will address Two Pesos' first point of error asserting that the trial court erred in holding that Gulf had no duty to defend it, as Gulf's duty to defend relates to the viability of Two Pesos' counterclaims for bad faith denial of coverage. To ascertain the scope of an insurer's duty to defend, we look to the language of the policy and the allegations in the complaint against the insured. *Fidelity & Guar. Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787, 788 (Tex.1982). Under this "eight corners rule," we cannot consider any facts outside the policy or the pleadings, even if there is evidence to show the suit is without merit. *Feed Store, Inc. v. Reliance Ins. Co.*, 774 S.W.2d 73, 74–75 (Tex.App.—Houston [14th Dist.] 1989, writ denied). Thus, an insurer's duty to defend its insured is based upon the allegations in the complaint against its insured, without reference to the truth or falsity of those allegations. *Cluett v. Medical Protective Co.*, 829 S.W.2d 822, 829 (Tex. App.—Dallas 1992, writ denied).

We indulge a liberal interpretation of the allegations in the pleadings and resolve all doubts in favor of coverage. *State Farm Fire & Cas. Co. v. Wade*, 827 S.W.2d 448, 451 (Tex.App.—Corpus Christi 1992, writ denied); *Colony Ins. Co. v. H.R.K., Inc.*, 728 S.W.2d 848, 850 (Tex.App.—Dallas 1987, no writ). All that is necessary is that the allegations, if taken as true, potentially state a cause of action that is within the policy. *Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.*, 387 S.W.2d 22, 24 (Tex.1965); *Houston Petroleum Co. v. Highlands Ins. Co.*, 830 S.W.2d 153, 155 (Tex.App.—Houston [1st Dist.] 1990, writ denied). If the petition only alleges facts excluded by the policy, however, the insurer is not required to defend. *McManus*, 633 S.W.2d at 788.

We therefore analyze Taco Cabana's complaint against Two Pesos in light of the policy provisions. In "Taco Cabana's Motion for the Award of Pre- and Post–Judgment Interest and a Supplemental Judgment," Taco Cabana requested in pertinent part:

that the Court enter a supplemental judgment over and above the December 30, 1988 judgment in order to award Taco Cabana damages it has suffered subsequent to the entry of the original judgment....

Supplemental damages are also proper since trade dress infringement is a continuing tort. [citations omitted] Defendant Two Pesos, Inc. (Two Pesos) has not changed its conduct or its trade dress during the pendency of its appeal and Taco Cabana has been damaged as a result of Two Pesos' continuing violation of its rights. Taco Cabana requests that the Court supplement the damage award according to the damage model used by the jury. This damage model has been acknowledged by Two Pesos and is now part of the Record in this case. Further, Taco Cabana requests that the Court enhance the amount of supplemental damages as a result of Two Pesos' continuing deliberate and willful infringement. This Court has already found that Two Pesos' infringement was willful and deliberate. Taco Cabana only asks that the Court apply the same findings to the supplemental damage request contained herein.

In relevant part, the *Gulf* policy issued to Two Pesos provided coverage for "offenses" committed during the policy period in the course of Two Pesos' advertising its goods, products or services. The policy obligated Gulf to pay those sums that the insured became legally obligated to pay as damages because of "advertising injury," which was defined in the agreement as an injury arising out of one or more of the following offenses:

a. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organizations goods, products or services;

b. Oral or written publication of material that violates a person's right of privacy;

c. Misappropriation of advertising ideas or style of doing business; or

d. Infringement of copyright, title or slogan.

The policy specifically excluded coverage for:

a. "personal injury" or "advertising injury":

(1) Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

(2) Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

(3) Arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured; or

(4) For which the insured has assumed liability by a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

b. "advertising injury" arising out of:

(1) Breach of contract, other than misappropriation of advertising ideas under an implied contract;

(2) The failure of goods, products or services to conform with advertising quality or performance;

(3) The wrong description of the price of goods, products, or services; or

(4) An offense committed by an insured whose business is advertising, broadcasting, publishing or telecasting.

█ Gulf does not contend that trade dress infringement falls outside its policy's definition of "advertising injury." Nor does it cite a specific policy exclusion. Instead, Gulf argues that Taco Cabana's claim for supplemental damages does not allege an offense committed during the policy period.

█ Trademark infringement, out of which trade dress infringement emanates, is a continuous wrong, and as such gives rise to a claim for relief as long as the infringement persists. *Brunswick Corp. v. Spinit Reel Co.*, 832 F.2d 513, 526 (10th Cir.1987); *James Burrough Ltd. v. Sign of the Beefeater, Inc.*, 572 F.2d 574, 578 (7th Cir.1978). A continuous tort involves wrongful conduct that is repeated until desisted, and each day creates a separate cause of action. *Arquette v. Hancock*, 656 S.W.2d 627, 629 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.); *see also Ohio–Sealy Mattress Mfg. Co. v. Sealy, Inc.*, 669 F.2d 490, 494 (7th Cir.1982) (new cause

of action for post-verdict antitrust conduct arises from a continuing scheme to violate antitrust laws). The designation of trade dress infringement as a continuing tort, however, does not resolve the issue before us. Taco Cabana did not sue on a new cause of action; it only sought damages based on infringement already found by a jury in the underlying lawsuit. Moreover, the fiction of a continuous tort is employed to determine when limitations begins to run. *See, e.g., Tectonic Realty Investment Co. v. CNA Lloyd's of Texas Ins. Co.*, 812 S.W.2d 647, 654 (Tex.App.—Dallas 1991, writ denied).

Instead, we must determine whether the continued infringement, begun before the policy commenced, can constitute an offense occurring during the policy period. Therefore, we must determine when the offense sought to trigger coverage occurred. Gulf argues that the infringement was committed well before the Gulf policy was issued when Two Pesos made the decision to copy Taco Cabana's restaurants. Gulf contends that Taco Cabana did not allege any *new* acts of infringement occurring during the policy period, but instead sought damages for *continued* infringement as found by the jury in the 1988 lawsuit. In the motion, Taco Cabana alleged Two Pesos *"has not changed* its conduct or its trade dress during the pendency of its appeal," and the offense alleged was "Two Pesos' *continuing* deliberate and willful infringement." (emphasis supplied). Based upon Taco Cabana's allegations, we conclude that the offense occurred before the policy period began, and only the damages from that offense continued into the coverage period.

■ In a related argument, Gulf alleges that the claim is not covered because it is not a fortuitous loss. Generally, fortuity is an inherent requirement of all risk insurance policies. *See Miles v. Royal Indemnity Co.*, 589 S.W.2d 725, 729 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.); *Brownsville Fabrics, Inc. v. Gulf Ins. Co.*, 550 S.W.2d 332, 336–37 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). "The concept of insurance is that the parties, in effect, wager against the occurrence or non-occurrence of a specified event; the carrier insures against a

risk, not a certainty." *Bartholomew v. Appalachian Ins. Co.*, 655 F.2d 27, 29 (1st Cir. 1981).

■ Two Pesos contends that because the "advertising injury" liability coverage does not contain any requirement for an "occurrence," or accident, there is no fortuitous loss requirement under that section of the policy. While the Gulf policy makes coverage for "bodily injury" contingent upon the conduct being an "accident," the policy makes no such contingency for "advertising injuries." The policy specifically covers intentional conduct such as misappropriation of advertising ideas or style of doing business, and infringement of copyright, title or slogan. The Gulf policy makes no attempt to exclude such intentional conduct from its coverage, in spite of the fact that it does exclude intentionally false oral or written publication of material, and willful violations of penal statutes and ordinances. Thus, Two Pesos maintains that the policy does not exclude, by means of a either a fortuity requirement or any specific exclusion, Taco Cabana's claim for supplemental damages from continued trade dress infringement.

■ We disagree. The fortuity doctrine not only concerns whether the offending conduct is accidental or intentional, but also incorporates the "known loss" and "loss in progress" principles. These aspects of the fortuity doctrine focus on the proposition that insurance coverage is precluded where the insured is, or should be, aware of an ongoing progressive loss or known loss at the time the policy is purchased. *Inland Waters Pollution Control, Inc. v. Nat'l Union Fire Ins. Co.*, 997 F.2d 172, 175–77 (6th Cir.1993). The "loss in progress" principle is recognized as part of standard insurance law. *See Mason Drug Co., Inc. v. Harris*, 597 F.2d 886, 887 (5th Cir.1979). An insured cannot insure against something that has already begun and which is known to have begun. *Summers v. Harris*, 573 F.2d 869, 872 (5th Cir. 1978). Texas has long recognized that it is contrary to public policy for an insurance company knowingly to assume a loss occurring prior to its contract. *Burch v. Commonwealth County Mutual Ins. Co.*, 450 S.W.2d 838, 840–41 (Tex.1970); *see also First*

*Nat'l Bank of Jefferson v. Tri–State Gen. Agency, Inc.,* 578 S.W.2d 456, 459 (Tex.Civ. App.—Texarkana 1979, writ ref'd n.r.e.).

In support of its argument that fortuity is not required for "advertising injury" claims, Two Pesos cites *Liberty Life Ins. Co. v. Commercial Union Ins. Co,* 857 F.2d 945 (4th Cir.1988). In *Liberty Life,* Liberty had been sued for willful and malicious appropriation of trade secrets, tortious interference with contractual and employment relations, unfair competition, misappropriation of confidential information, antitrust violations and other intentional acts of misconduct. Liberty sought coverage from its insurers, all of whom refused to defend or indemnify it. The district court entered judgment in favor of the insurers, noting that an "occurrence," or accident, was required to trigger coverage and no occurrence had taken place. *Id.* at 949. Noting that the actions alleged against Liberty were anything but unintentional or unexpected, the Fourth Circuit Court of Appeals nonetheless reversed the district court's ruling. *Id.* at 950. The appellate court held that there was no requirement for an unexpected or unintended result from an occurrence to trigger coverage because, unlike the property damage and bodily injury sections of the policies, there was no requirement for an "occurrence" in the "advertising liability" sections of the policies. *Id.*

We decline to follow the rationale in *Liberty Life* because its facts differ significantly from those in this case. Not only was there no dispute in that case that the alleged offenses occurred during the policy period, the *Liberty Life* case does not concern a known loss or loss in progress at the time the insurance contract was secured, as is at issue here.

Even though not precisely on point, we find the reasoning in *Appalachian Ins. Co. v. Liberty Mutual Ins. Co.,* 676 F.2d 56, 61–63 (3rd Cir.1982) instructive. There, the court determined that the injurious effects of the insured's discriminatory employment policies began immediately upon their adoption. Although these effects continued into the insurer's policy period, the occurrence required to trigger coverage took place when the injuries first manifested themselves, which occurred before the inception of the insurance policy. *Id.* at 62. Therefore, there was no personal injury liability coverage for the sexual discrimination claims. The court further recognized that any other result "would contravene the rule that an insured cannot insure against something which has already begun," because "the purpose of insurance is to protect insureds against unknown risks." *Id.* at 63, citing *Bartholomew,* 655 F.2d at 29.

We conclude that Taco Cabana's motion did not allege an offense occurring during Gulf's policy period, and that coverage for Two Pesos' continued trade dress infringement is precluded because the claim constitutes a known loss or loss in progress. Here, as in *Appalachian,* the risk of liability was no longer unknown because injuries resulted when Two Pesos first copied Taco Cabana's trade dress. *See Appalachian Ins. Co.,* 676 F.2d at 63. The risk of injury from continued infringement was readily apparent, or should have been. Moreover, affording coverage to Two Pesos would violate public policy by allowing protection for a known loss and permitting an insured to benefit from its wrongdoing. *See Grumman Sys. Support Corp. v. Travelers Indem. Co.,* 828 F.Supp. 11, 13 (E.D.N.Y.1993) (indemnification was precluded where continued use of proprietary software was an intentional act, done in violation of an injunction, that defendant knew would cause injury). We hold that Taco Cabana did not allege a claim potentially within Gulf's policy coverage. Therefore, the trial court did not err in finding Gulf owed no duty to defend Two Pesos. We overrule Two Pesos' first point of error.

◼ In its third point of error, Two Pesos contends that the trial court erred in holding that it take nothing on its counterclaims. Two Pesos alleged that Gulf unreasonably denied coverage before conducting a reasonable investigation and that it breached its insurance contract to provide coverage. In addition, Two Pesos claimed that by denying coverage, Gulf violated Article 21.21 of the Texas Insurance Code, violated the DTPA, breached its duty of good faith and fair dealing, and committed negligence and gross negligence. All of Two Pesos' claims con-

cerned the reasonableness of Gulf's conduct in denying coverage.

 The trial court premised its ruling on the counterclaims upon its finding of "no coverage" under the policy. We recognize that the absence of policy coverage, by itself, does not foreclose recovery for breach of the duty of good faith and fair dealing. *Harbor Ins. Co. v. Urban Construction Co.,* 990 F.2d 195, 202 (5th Cir.1993); *First Texas Sav. Ass'n v. Reliance Ins. Co.,* 950 F.2d 1171, 1179 (5th Cir.1992) (applying Texas law). A breach of the duty of good faith and fair dealing will give rise to a cause of action in tort that is separate and independent from any cause of action for breach of the underlying insurance contract. *Viles v. Security Nat'l Ins. Co.,* 788 S.W.2d 566, 567 (Tex. 1990).

 Bad faith is not established merely by showing the insurer was incorrect about the factual basis for its denial of the claim, or about the proper construction of the policy. "[T]he issue in bad faith focuses not on whether the claim was valid but on the reasonableness of the insurer's conduct in rejecting the claim." *Lyons v. Millers Cas. Ins. Co.,* 866 S.W.2d 597, 601 (Tex.1993). An insured claiming bad faith must prove that the insurer had no reasonable basis for denying or delaying payment of the claim, and that it knew or should have known that fact. *Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10, 18 (Tex.1994). Under this test, insurance carriers maintain the right to deny invalid or questionable claims and will not be subject to liability for an erroneous denial of a claim. *Aranda v. Ins. Co. of North Am.,* 748 S.W.2d 210, 213 (Tex.1988). Whether there is no reasonable basis for denial must be judged by the facts before the insurer at the time it handled the claim. *Viles,* 788 S.W.2d at 567.

In this case, coverage is excluded both on the face of the policy and as a matter of general insurance law. Therefore, Gulf had a reasonable basis for denying Two Pesos' claim. *See General Mfg. Co. v. CNA Lloyd's of Texas,* 806 S.W.2d 297, 301 (Tex.App.— Dallas 1991, writ denied). Under the facts of this case, Two Pesos cannot succeed on its counterclaims as a matter of law. The trial court did not err in summarily denying Two Pesos' counterclaims. We overrule point of error three.

We affirm the judgment of the trial court.