The **BURLINGTON INSURANCE COMPANY, Appellant,**

v.

**TEXAS KRISHNAS, INC., Appellee.**

No. 11–03–00103–CV.

Court of Appeals of Texas, Eastland.

June 30, 2004.

Kevin C. Nash, V. Paige Pace, Pace & Goldston, Dallas, Roderick E. Wetsel, Steakley & Wetsel, Steakley & Wetsel, Sweetwater, for appellant.

Mark M. Donheiser, Randal Mathis, Mathis & Donheiser, Dallas, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

JIM R. WRIGHT, Justice.

We are called upon to determine whether the trial court was correct when it entered a summary judgment declaring that the Burlington Insurance Company had a duty to defend its insured, Texas Krishnas, Inc., from virtually identical personal injury damage claims made in lawsuits filed in state and federal courts. We affirm.

Burlington insured Texas Krishnas under a comprehensive general liability insurance policy. When several individuals sued Texas Krishnas, it made a claim upon Burlington to provide it with a defense against the claims. Burlington denied that it owed any duty to defend Texas Krishnas. Burlington brought this lawsuit seeking a declaratory judgment that it owed no duty to defend Texas Krishnas in the underlying lawsuit. Burlington originally included a request for relief regarding the duty to indemnify, but later it nonsuited that portion of the suit. Texas Krishnas filed a counterclaim in which it sought a declaration that Burlington did have a duty to defend it in the underlying lawsuits. Both parties filed motions for summary judgment. The trial court granted the motion filed by Texas Krishnas and denied the motion filed by Burlington thereby holding that Burlington did owe a duty to defend Texas Krishnas in the underlying lawsuits. The trial court also awarded attorney's fees to Texas Krishnas.

Burlington presents 12 issues for review. In Issue No. 1, Burlington complains of the trial court's action in granting Texas Krishnas's motion for summary judgment and in denying its own motion for summary judgment. In Issue No. 2, Burlington complains generally of the trial court's finding that Burlington owed Texas Krishnas a duty to defend it. In Issue No. 3, Burlington argues that, because Texas Krishnas knew about the alleged losses before the insurance policy was issued and because it also knew that the alleged losses were in progress at that time, the trial court erred when it found that Burlington owed Texas Krishnas a defense. Burlington argues in Issue No. 4 that there was no "occurrence" under the policy and that, therefore, it owed no duty to defend Texas

Krishnas. Issues Nos. 5 through 10 contain allegations that Burlington did not owe Texas Krishnas a defense because of various exclusions contained in the policy. In its final two issues, Burlington addresses the award of attorney's fees.

We will review this summary judgment proceeding under the well-established and defined standards of review applicable to such proceedings. *American Tobacco Company, Inc. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997); *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991); *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546, 548–49 (Tex. 1985). The question of the existence of a duty to defend is a question of law, and we review that question de novo. *St. Paul Insurance Company v. Texas Department of Transportation,* 999 S.W.2d 881 (Tex. App.-Austin 1999, pet'n den'd). When two parties file opposing motions for summary judgment and the trial court grants one and denies the other, we review all issues presented and enter the judgment which the trial court should have entered. *Bradley v. State ex rel. White,* 990 S.W.2d 245, 247 (Tex.1999).

A court resolves duty-to-defend issues in accordance with the "eight corners rule." *King v. Dallas Fire Insurance Company,* 85 S.W.3d 185 (Tex.2002). Under the "eight corners rule," we look solely at the pleadings and the insurance policy to determine whether the petition contains allegations which come within the scope of coverage. *King v. Dallas Fire Insurance Company, supra.* Duty to defend issues and duty to indemnify issues involve different inquiries. *Trinity Universal Insurance Company v. Cowan,* 945 S.W.2d 819 (Tex.1997). Unlike duty to indemnify issues, whether there is a duty to defend does not depend upon the actual facts regarding liability in the underlying suit. *Trinity Universal Insurance Company v.*

*Cowan, supra.* The duty to defend is broader than the duty to indemnify. *Texas Property and Casualty Insurance Guaranty Association v. Southwest Aggregates, Inc.,* 982 S.W.2d 600, 606 (Tex.App.-Austin 1998, no pet'n). In a duty-to-defend case, if the petition contains allegations which, when fairly and reasonably construed, state a cause of action that is potentially covered by the policy, then the insurer has a duty to defend the insured in the underlying lawsuit. *National Union Fire Insurance Company of Pittsburgh, PA v. Merchants Fast Motor Lines, Inc.,* 939 S.W.2d 139, 142 (Tex.1997). And, that duty exists regardless of the ultimate truth or falsity of the allegations and even though in the final analysis the insurer might have no duty to indemnify under the proven facts. *King v. Dallas Fire Insurance Company, supra; Cluett v. Medical Protective Company,* 829 S.W.2d 822, 829 (Tex.App.-Dallas 1992, writ den'd). In its review of the pleadings, a court may not read facts into the pleadings, look outside the pleadings, or "imagine factual scenarios which might trigger coverage." *National Union Fire Insurance Company of Pittsburgh, PA v. Merchants Fast Motor Lines, Inc., supra* at 142. The pleadings are liberally construed, and any doubt as to the existence of a duty to defend is resolved in favor of the insured. *King v. Dallas Fire Insurance Company, supra* at 187; *National Union Fire Insurance Company of Pittsburgh, PA v. Merchants Fast Motor Lines, Inc., supra* at 141. A duty to defend any of the claims against an insured requires the insurer to defend the entire suit. *Stumph v. Dallas Fire Insurance Company,* 34 S.W.3d 722, 728 (Tex. App.-Austin 2000, no pet'n).

The live pleadings in the underlying lawsuits contain allegations that the International Society of Krishna Consciousness, also known as ISKON and sometimes

known as "Hare Krishna," is a spiritual institution founded in the United States in July 1966. ISKON is a defendant in the underlying lawsuits. There are several other defendants in the underlying lawsuits, including Texas Krishnas.

The plaintiffs in the underlying lawsuits alleged that, in order to advance "Krishna Consciousness," parents were required to relinquish parental duties and place their children in ISKON-founded and ISKON-sponsored boarding schools, known as "gurukulas." The plaintiffs were among those children. The allegations were that, from 1972 until after 1990 and "to the present," these children, ages 3 to 18, both male and female, suffered from sexual, physical, and emotional abuse while in the care of the gurukulas. The number of plaintiffs in the underlying lawsuits has changed from time to time. The allegations of the 80 or so plaintiffs show more than 30 acts of "ABUSE INFLICTED" by the defendants, including Texas Krishnas. We see no reason to detail those allegations at this point but find it sufficient to say, and appellee agrees in its brief, that at least some of the allegations are of intentional behavior by the defendants and their employees and others involve acts specifically excluded by the terms of the policy.

However, plaintiffs in the underlying lawsuits also alleged that the defendants in the lawsuits were negligent in several particulars: they negligently selected and placed the gurukula teachers and employees; they failed to establish written guidelines and procedures; they failed to train the teachers and staff properly; they failed to warn of the dangerous propensities of the teachers and staff; they failed to disclose abuse by teachers and staff; they failed to notify state and governmental authorities; they failed to provide reasonable supervision, staffing, and funding; they failed to provide adequate food, cloth-ing, and shelter; and they negligently inflicted emotional distress. The plaintiffs made other similar allegations in the underlying suits.

■■■ First, we will discuss Burlington's third issue for review. Burlington claims that the trial court erred in holding that it owed Texas Krishnas a defense because Texas Krishnas knew not only about the alleged losses before the policy was issued but also that the alleged losses were in progress at that time. Insurance is designed to protect against unknown, fortuitous risks; and fortuity is a requirement of all policies of insurance. *Two Pesos, Inc. v. Gulf Insurance Company*, 901 S.W.2d 495, 502 (Tex.App.-Houston [14th Dist.] 1995, no writ). Coverage is precluded in situations that involve a known loss as well as a loss in progress. A "known loss" is one that the insured knew had occurred before the insured entered into the contract for insurance. *Burch v. Commonwealth County Mutual Insurance Company*, 450 S.W.2d 838, 840–41 (Tex.1970). A "loss in progress" involves those situations in which the insured knows, or should know, of a loss that is ongoing at the time the policy is issued. *Two Pesos, Inc. v. Gulf Insurance Company, supra* at 502. Again, because we are dealing with the duty to defend, not the duty to indemnify, we focus only upon those facts that are alleged in the pleadings in the underlying lawsuits. *King v. Dallas Fire Insurance Company, supra.*

Commenting on the pleadings in the underlying lawsuits, Texas Krishnas writes in its brief:

The underlying pleadings are a vague, broadly worded mishmash of legal theories and factual allegations in which "who did what to whom" is never clearly spelled out. Burlington's interpretation, whereby it postulates a "theme" to the pleading may make good literary analy-

sis, but is directly contrary to established Texas law on the duty to defend.

These "vague, broadly worded" pleadings containing a "mishmash of legal theories and factual allegations" are all that we may examine in order to determine whether there might potentially be a covered cause of action and, therefore, a duty to defend the entire cause of action.

An examination of the pleadings reveals that the only dates mentioned are general statements such as "from 1971 through 1996" and "occurred primarily between the years 1972 and 1990, although abuse continued after 1990 and, it is believed, continues to the present." The plaintiffs in the underlying lawsuits not only did not plead "who did what to whom" but also have not pleaded when any specific event took place, exactly where it took place, or whether Texas Krishnas either knew or should have known of the loss or that they knew of an ongoing progressive loss at the time that the policy was issued. *See Scottsdale Insurance Company v. Travis,* 68 S.W.3d 72, 75 (Tex.App.-Dallas 2001, pet'n den'd).

Plaintiffs in the underlying lawsuits alleged that ISKON was negligent at a time when "they either had no knowledge of the teachers' and supervisors' backgrounds or ISKON had actual or apparent knowledge of these individuals' dangerous propensities towards physical, emotional, mental, and sexual abuse of the gurukula children." While this is merely a pleading that is in the alternative, we cannot hold that the duty to defend is precluded by the fortuity or known loss or loss-in-progress doctrine when we confine ourselves to the pleadings and liberally construe them as we are required to do. *Westchester Fire Insurance Company v. Gulf Coast Rod, Reel & Gun Club,* 64 S.W.3d 609 (Tex. App.-Houston [1st Dist.] 2001, no pet'n). This is the only pleading reference that

plaintiffs made to Texas Krishnas's knowledge. Burlington's third issue is overruled.

■■■■ In its fourth issue, Burlington argues that there was no "occurrence" as defined in and required by the policy of insurance. The comprehensive general liability policy of insurance which Burlington issued to Texas Krishnas provided that Burlington would pay damages that Texas Krishnas became legally bound to pay for bodily injury or property damage covered by the policy. Bodily injury and property damage are covered only if caused by an "occurrence" as defined in the policy. "Occurrence" is defined in the policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Personal injury other than bodily injury or property damage is excluded under the terms of the policy. Burlington correctly points out that an occurrence or accident is a happening that is unexpected and that occurs without intention or design. *Allen v. Automobile Insurance Company of Hartford Connecticut,* 892 S.W.2d 198, 199 (Tex. App.-Houston [14th Dist.] 1994, no writ). The term "accident" includes "negligent acts of the insured causing damages which [are] undesigned and unexpected." *Massachusetts Bonding and Insurance Co. v. Orkin Exterminating Company,* 416 S.W.2d 396, 400 (Tex.1967).

■■■■ It is from the insured's standpoint that we determine whether there has been an occurrence that triggers the duty to defend. *King v. Dallas Fire Insurance Company, supra.* Just as with the issue regarding the fortuitous nature of the alleged losses, we are confined to an examination of the pleadings and the content of the insurance policy issued by Burlington in determining whether there has been an occurrence as defined by the policy and

whether any of the various exclusions apply so as to prevent any duty to defend.

In *King v. Dallas Fire Insurance Company, supra,* after King had been sued for damages related to an assault committed by his employee, he sought to enforce the duty to defend under a comprehensive general liability policy issued to him by Dallas Fire Insurance Company. In the underlying lawsuit, Jankowiak sued King for injuries that Jankowiak received when Lopez, King's employee, assaulted him. Jankowiak was employed by a different company and was performing other activities on the same construction site. In the underlying lawsuit, in addition to various vicarious liability claims, Jankowiak sued King for negligent hiring, training, and supervision. The question as stated by the court in *King* is instructive:

> Our question is whether an employer's alleged negligent hiring, training, and supervision constitute an "occurrence" under the terms of the insurance policy although the injury was directly caused by the employee's intentional conduct. If the employer's alleged negligent hiring, training, and supervision constitute an "occurrence," then Dallas Fire must defend King.

*King v. Dallas Fire Insurance Company, supra* at 186. The court held that whether an occurrence was an accident is determined from the standpoint of the insured and that the "actor's intent is not imputed to the insured in determining whether there was an occurrence." *King v. Dallas Fire Insurance Company, supra* at 192. King had argued that he had not intended to injure Jankowiak and that from his standpoint the injuries were the result of an accident. *King v. Dallas Fire Insurance Company, supra* at 187–88.

The policy issued by Burlington to Texas Krishnas contains the same definition of "occurrence" as was contained in the *King* policy. The allegations in the underlying lawsuit in *King* regarding negligence are essentially the same as the negligence allegations made in the underlying lawsuits filed against Texas Krishnas. The fourth issue is overruled.

While the developed facts might later show that many of the allegations in the petition do not fall under the definition of "occurrence" as contained in the policy and while many of the allegations might be proven by the facts to fall squarely under various exclusions contained in the policy or might be such that are finally factually shown to fall within the fortuity doctrine, those are not the questions before us in this duty-to-defend case. At least some of the allegations, when fairly and reasonably construed, without an eye toward the truth or falsity of those allegations, state causes of action that are potentially covered by the policy. *See Stumph v. Dallas Fire Insurance Company, supra* at 728. The "vague, broadly worded" pleadings containing a "mishmash of legal theories and factual allegations" might very well be the result of very careful, as opposed to very careless, pleading practice. Because the plaintiffs in the underlying lawsuits have alleged at least some claims which are potentially covered by the policy, Burlington must provide Texas Krishnas a defense. The trial court did not err when it denied the motion for summary judgment filed by Burlington, and neither did it err when it granted the motion for summary judgment filed by Texas Krishnas. Burlington's first, second, fifth, sixth, seventh, eighth, ninth, and tenth issues are overruled.

Burlington raises two issues in which it argues that, because the trial court erred when it ruled on the summary judgments, attorney's fees should not have been awarded as the trial court awarded them. We have held that the trial court did not

err. Burlington's eleventh and twelfth issues are overruled.

The judgment of the trial court is affirmed.