# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 30, 2014

Lyle W. Cayce
Clerk

No. 13-30738

TIM SOSEBEE; MARK WRITESMAN; DALE PATILLO,

Plaintiffs-Appellants

v.

CERTAIN UNDERWRITERS AT LLOYDS LONDON, Subscribing to Policy Number B11252006Q2N1011; CERTAIN UNDERWRITERS AT LLOYDS LONDON, Subscribing to Policy Number B11252008Q2N1073; ZURICH AMERICAN INSURANCE COMPANY,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-4138

Before HIGGINBOTHAM, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:*

This appeal challenges the district court's conclusion that a Marine Protection & Indemnity Policy issued by Certain Underwriters at Lloyds London ("Lloyds") and Zurich American Insurance Company ("Zurich") provided no coverage to the insured. For the reasons that follow, we affirm the district court's ruling on summary judgment in favor of the Defendants.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30738

On May 1, 2008, Plaintiffs Tim Sosebee, Mark Writesman, and Dale Patillo ("Plaintiffs," collectively) chartered a fishing boat owned and operated by David Mills, d/b/a Reel Tite Fishing Guide Services, LLC ("Mills"). Plaintiffs suffered serious injuries when their boat collided with a utility boat in a canal near Venice, La. The utility boat was owned by Harvest Oil & Gas, LLC ("Harvest"). The Harvest Boat was insured by Steadfast Insurance Company ("Steadfast"), as well as Lloyds and Zurich. Following preliminary litigation not relevant to this matter,[1] Plaintiffs filed a direct action suit under the Louisiana Direct Action Statute[2] and included Harvest's insurers Lloyds and Zurich as defendants. Thereafter, the district court granted summary judgment in favor of Lloyds and Zurich, concluding that coverage was not available under two Marine Protection & Indemnity policies, issued to Harvest in 2006 and 2008, respectively. Plaintiffs appeal the district court's ruling only as to the conclusion that coverage was not available under the 2008 policy.

We affirm the district court's ruling based on a straightforward application of the fortuity doctrine under Texas law.[3] Fortuity is an inherent requirement of all risk insurance policies.[4] "The concept of insurance is that

---

[1] On May 8, 2008, Mills's insurer, St. Paul Fire and Marine Insurance Company, filed a declaratory judgment action against Plaintiffs and Mills to resolve the amount of coverage available under its policy. On September 18, 2008, Plaintiffs filed an answer and a third-party complaint against Harvest. Harvest declared bankruptcy in April 2009. The district court issued an administrative stay in the case as a result until the instant direct action suit was filed.

[2] LA. REV. STAT. ANN. § 22:1269(D).

[3] The appellants do not challenge the district court's conclusion that Texas law governs the interpretation of the Marine Protection & Indemnity Policy.

[4] *Warrantech Corp. v. Steadfast Ins. Co.*, 210 S.W.3d 760, 767 (Tex. App.-Ft. Worth 2006, pet. denied) (citing *Burlington Ins. Co. v. Tex. Krishnas, Inc.*, 143 S.W.3d 226, 230 (Tex. App.-Eastland 2004, no pet.); *Scottsdale Ins. Co. v. Travis*, 68 S.W.3d 72, 75 (Tex. App.-Dallas 2001, pet. denied); *Two Pesos, Inc. v. Gulf Ins. Co.*, 901 S.W.2d 495, 502 (Tex. App.-Houston [14th Dist.] 1995, no writ).

No. 13-30738

the parties, in effect, wager against the occurrence or non-occurrence of a specified event; the carrier insures against a risk, not a certainty."[5] "The fortuity doctrine precludes coverage for two categories of losses: known losses and losses in progress."[6] The "known loss" aspect of the fortuity doctrine precludes coverage "where the insured is, or should be, aware of . . . [a] known loss at the time the policy is purchased."[7] "A 'known loss' is one that the insured knew had occurred before the insured entered into the contract for insurance."[8]

The 2008 policy provided coverage from May 18, 2008, until May 18, 2009. The accident in this case occurred on May 1, 2008, more than two weeks before the effective date of the policy. The fortuity doctrine bars coverage for the accident in this case because it was a known loss at the time the policy took effect.[9] Plaintiffs' contention that the Louisiana Direct Action Statute changes this outcome is without merit. The Direct Action Statute "does not extend the

---

[5] *Two Pesos*, 901 S.W.2d at 501 (quoting *Bartholomew v. Appalachian Ins. Co.*, 655 F.2d 27, 29 (1st Cir. 1981)).

[6] *Warrantech*, 210 S.W.3d at 767 (citing *Tex. Krishnas, Inc.*, 143 S.W.3d at 230; *Travis*, 68 S.W.3d at 75).

[7] *Two Pesos*, 901 S.W.2d at 501 (citing *Inland Waters Pollution Control, Inc. v. Nat'l Union Fire Ins. Co.*, 997 F.2d 172, 175–77 (6th Cir. 1993)).

[8] *Warrantech*, 210 S.W.3d at 766 (citing *Burch v. Commonwealth County Mut. Ins. Co.*, 450 S.W.2d 838, 840–41 (Tex. 1970); *Tex. Krishnas, Inc.*, 143 S.W.3d at 230; *Travis*, 68 S.W.3d at 75).

[9] Plaintiffs argue that the accident itself is not a known loss. They contend that Harvest must be "adjudicated to be liable" before the accident can qualify as a known loss. Texas courts have rejected this argument because it is "fatally undermined by the many cases applying the fortuity doctrine under Texas law where the insured's liability was not yet fixed by judgment." *Warrantech*, 210 S.W.3d at 766 (citing *Roman Catholic Diocese of Dallas ex rel. Grahmann v. Interstate Fire & Cas. Co.*, 133 S.W.3d 887, 889 (Tex. App.-Dallas 2004, pet. denied); *Travis*, 68 S.W.3d at 74).

protection of [a] liability policy to risks that were not covered by the policy unless another statute requires a mandatory coverage provision."[10]

For the reasons stated above, we AFFIRM the district court's ruling on summary judgment.

---

[10] *Hood v. Cotter*, 5 So.3d 819, 829 (La. 2008) (citing *Anderson v. Ichinose*, 260 So.2d 302, 307 (La. 1999)).