**Affirmed and Memorandum Opinion filed June 8, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00888-CV

### TEXAS PHARMOMEDICAL EXPORTS, INC., Appellant

### V.

### MICHELLE T. WANG, INDIVIDUALLY AND D/B/A WANG & COMPANY CPA'S AND WANG G.P. INC., Appellees

On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2015-52001

## MEMORANDUM OPINION

Texas Pharmomedical Exports, Inc. ("TPE") appeals a summary judgment dismissing its tort claims against Michelle T. Wang, individually and d/b/a Wang & Company CPA's and Wang G.P., Inc. (collectively "Wang") relating to alleged accounting malpractice. Wang moved for summary judgment based on the affirmative defense of statute of limitations. The trial court rendered summary judgment without stating the basis for its ruling. Because we conclude the applicable

statutes of limitations bar TPE's claims, we affirm the trial court's judgment.

## BACKGROUND

On September 3, 2015, Seyed P. Hejazi, not a party to this appeal, filed an original petition in which he alleged that Wang committed accounting malpractice. Hejazi alleged that he owned a Dairy Queen in Harris County, and Wang was the Dairy Queen's accountant. Hejazi alleged that in 2012 he began withdrawing money from his personal savings and depositing personal funds into the Dairy Queen because the restaurant was failing. In this allegation Hejazi referenced a Dairy Queen, not in Harris County, but in Newton, Texas, describing the Dairy Queen with the following parenthetical: "(under Texas Pharmomedical Exports Inc., DBA Newton Dairy Queen)." Hejazi alleged that despite having to invest personal funds into the Dairy Queen, Wang reported that the Dairy Queen was profitable.

In the "middle of September 2013," Hejazi "lost faith" in Wang's accounting practice and reconciled the receipts received by Dairy Queen and the deposits made for the restaurant. Hejazi's reconciliation revealed that over 25% of the Dairy Queen's gross sales had not been deposited into the restaurant's accounts. Hejazi learned that the Dairy Queen manager had been embezzling over 25% of the Dairy Queen profits for more than a year. Hejazi alleged that Wang had a duty to discover the embezzlement, and had negligently failed to perform under that duty. Hejazi alleged that Wang's negligence not only caused the Dairy Queen to lose money, but caused him to deplete his personal savings severely straining his relationship with his wife and son. Hejazi alleged violations of the Deceptive Trade Practices Act ("DTPA"), negligence, gross negligence, and negligent misrepresentation. Hejazi was the only plaintiff listed on the original petition.

Wang answered asserting special exceptions and seeking leave to designate the Dairy Queen manager as a responsible third party.

2

On May 12, 2016, after the two-year statute of limitations expired on the negligence and gross negligence claims, Hejazi filed a first-amended petition in which he pleaded individually and "as one hundred per[cent] owner of the S Corporation DQ2."[1] Hejazi also alleged that Wang had failed to exercise reasonable care in its work for another Dairy Queen restaurant of which "S Corporation DQ1" was a 70% owner. In the first-amended petition Hejazi alleged that he engaged Wang both "personally and on behalf of DQ2 to perform the bookkeeping, accounting, Federal and State tax work and to provide monthly financial use reports for the owner and [m]anagement of DQ2." Hejazi alleged that Wang failed in its duties owed to "[Hejazi] on behalf of DQ2." Hejazi maintained his claims for negligence and gross negligence, abandoned his DTPA claims, and added a breach of contract claim.

On July 7, 2016, Hejazi filed a second-amended petition in which he added his father, Seyed M. Hejazi, Pooya Enterprises, Inc., and TPE as plaintiffs. Hejazi again pleaded individually and as the "seventy percent owner of the S Corporation DQ1 and on behalf of and as one hundred per[cent] owner of the S Corporation DQ2." No additional claims were added, and no previous claims were abandoned. Wang filed a first-amended answer in which it asserted, inter alia, the defense of limitations. Wang further filed counterclaims for quantum meruit and fraudulent inducement. Wang subsequently nonsuited its counterclaims.

In the third-amended petition, filed June 7, 2018, Hejazi, his father, and both corporations alleged Wang acted negligently in performing its duties to Hejazi, his father, and both Dairy Queen restaurants. The third-amended petition added a claim for "intentional and/or negligent misrepresentation."

---

[1] "DQ2" refers to the Dairy Queen located in Newton, Texas.

In the fourth-amended petition, filed November 25, 2018, Hejazi, his father, and the two corporations added a notation reflecting that they claimed monetary relief within the jurisdictional limits of the court not to exceed $1,000,000.

A fifth-amended petition, filed December 28, 2018, dropped all plaintiffs except TPE, the alleged corporate owner of DQ2, the Dairy Queen in Newton, Texas. No claims were added or dropped.

Following TPE's fifth-amended petition, Wang filed a motion for summary judgment asserting that the only claims remaining after the fifth-amended petition were barred by limitations. Wang alleged that TPE knew of its claims against Wang on September 16, 2013, but did not assert any claims until July 7, 2016 when TPE was added as a plaintiff. Wang further alleged that TPE's breach of contract claim was an improperly recast negligence claim. TPE responded to Wang's motion for summary judgment alleging in this "classic case of malpractice," that TPE's fifth amended petition related back to its original petition under the misnomer doctrine.

The trial court granted the motion for summary judgment and dismissed all of TPE's claims.[2] TPE timely appealed.

## ANALYSIS

In two issues TPE challenges the trial court's grant of summary judgment

---

[2] On June 18, 2019, the trial court signed an interlocutory summary judgment in which it dismissed "Plaintiff's claims WITH PREJUDICE." At that time Wang's counterclaims had not been disposed. TPE's attempted appeal of the interlocutory summary judgment was dismissed August 20, 2019. *Tex. Pharmomedical Exports Inc. v. Wang*, No. 14-19-00450-CV, 2019 WL 3943193, at *1 (Tex. App.—Houston [14th Dist.] Aug. 20, 2019, no pet.) (mem. op.). Wang subsequently filed notice of nonsuit on its counterclaims. On October 7, 2019, the trial court signed an order dismissing Wang's counterclaims and merging the June 18, 2019 interlocutory summary judgment into that order. The trial court's order stated, "This is a final and appealable order that disposes of all claims and parties, and any previous orders that disposed of claims or parties, including this Court's June 18, 2019 Interlocutory Summary Judgment, are merged into this order."

4

asserting (1) the "relation-back" and "misnomer" doctrines operate to make TPE's claims timely; and (2) TPE's intentional misrepresentation claims were not subject to dismissal.

## I.      Standard of review

We review a trial court's order granting a traditional summary judgment de novo. *Mid–Century Ins. Co. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). In reviewing a grant of summary judgment, we consider all of the evidence in the light most favorable to the nonmovant. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007). To prevail on a traditional motion for summary judgment, a movant must prove entitlement to judgment as a matter of law on the issues pled and set out in the motion for summary judgment. Tex. R. Civ. P. 166a(c); *Masterson v. Diocese of Nw. Texas*, 422 S.W.3d 594, 607 (Tex. 2013).

A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *See* Tex. R. Civ. P. 94; *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). If the defendant/movant establishes that the statute of limitations bars the action, then the burden shifts and the plaintiff/nonmovant must adduce summary-judgment proof raising a fact issue in avoidance of the statute of limitations. *Id*.

If the trial court grants summary judgment without specifying the grounds, we affirm the judgment if any of the grounds presented are meritorious. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam).

## II.      The "misnomer" doctrine does not apply to TPE's claims.

In TPE's first issue it challenges the trial court's grant of summary judgment on the grounds that the misnomer rule operates to allow the fifth-amended petition to relate back to the original petition for purposes of the statute of limitations.

## A.    Accrual date

To address whether limitations ran on TPE's claims we first address the accrual date of the claims. A common-law action for accounting malpractice is subject to section 16.003 of the Civil Practice and Remedies Code, which provides that suit must be brought "not later than two years after the day the cause of action accrues." *Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex. 1997). A cause of action accrues when facts come into existence that permit a plaintiff to recover. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 593 (Tex. 2017).

Initially, TPE agreed that the two-year limitations period in this case began September 13, 2013, the date the embezzlement was discovered. In TPE's response to Wang's motion for summary judgment and in its reply brief in this court, it argues that the malpractice continued for the time that Wang provided accounting services, which were terminated in October 2015, arguing that its claims did not accrue until October 2015. Generally, a cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred. *Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 623 (Tex. 2011). A continuous tort involves wrongful conduct that is repeated until desisted, and each day creates a separate cause of action. *Two Pesos, Inc. v. Gulf Ins. Co.*, 901 S.W.2d 495, 500 (Tex. App.—Houston [14th Dist.] 1995, no writ). For a continuing tort, "the cause of action is not complete and does not accrue until the tortious acts have ceased." *Adler v. Beverly Hills Hosp.*, 594 S.W.2d 153, 156 (Tex. Civ. App.—Dallas 1980, no writ).

"The doctrine of continuing tort, with its extension of accrual date, is rooted in a plaintiff's inability to know that the ongoing conduct is causing him injury." *Rincones*, 520 S.W.3d at 592. The Texas Supreme Court has "neither endorsed nor addressed" the continuing-tort doctrine. *Id*. A cause of action generally accrues at

the time when facts come into existence that authorize a claimant to seek a judicial remedy and the fact that damage may continue to occur for an extended period after accrual does not prevent limitations from starting to run. *Id*. at 593

In this case, TPE discovered the embezzlement on September 13, 2013, the date on which facts came into existence that authorized TPE to seek a judicial remedy. TPE knew of its alleged injury on that date. The fact that Wang may have continued the alleged negligence that led to the embezzlement did not prevent limitations from starting to run on that date. The accrual date for limitations, therefore, was September 13, 2013.

### B.     Misnomer

The two-year statute of limitations on TPE's malpractice claims expired September 13, 2015. TPE was not added as a plaintiff until the second-amended petition filed July 7, 2016.[3] Therefore, TPE's claims were filed outside the limitations period. *See* Tex. Civ. Prac. & Rem. Code § 16.003.

TPE asserts that section 16.068 of the Civil Practice and Remedies Code, which addresses "Limitations of Personal Actions," tolled the limitations period such that its amended pleading removing all other plaintiffs related back to the date of Hejazi's original petition. Texas's "relation back" doctrine, as set forth in section 16.068, entitled "Amended and Supplemental Pleadings," provides:

> If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not

---

[3] TPE argues it was added as a plaintiff in the first-amended petition because Hejazi asserted his claims "individually and on behalf of and . . . as one hundred per[cent] owner of the S Corporation DQ2." TPE, however, did not assert any claims in the first-amended petition. Even if it had asserted claims, the first-amended petition was not filed until May 12, 2016 after expiration of the two-year statute of limitations.

subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

Tex. Civ. Prac. & Rem. Code § 16.068.

With limited exceptions, section 16.068 does not apply under the circumstances where a new party is added. *Chavez v. Andersen*, 525 S.W.3d 382, 386 (Tex. App.—Houston [14th Dist.] 2017, no pet.) Generally, section 16.068 "addresses adding claims, not parties." *Brown v. Enter. Recovery Sys., Inc.*, No. 02-11-00436-CV, 2013 WL 4506582, at *11 (Tex. App.—Fort Worth Aug. 22, 2013, pet. denied) (mem. op.) (refusing to apply section 16.068 in holding claims under federal debt collection practices act were time barred where plaintiff was not added until after one-year statute of limitations). Therefore, unless TPE can establish that its amended petitions adding TPE as a plaintiff fall within an exception, it cannot rely on relation back under section 16.068.

TPE asserts that it falls within the misnomer exception to the relation-back rule. "Misnomer arises 'when a party misnames itself or another party, but the correct parties are involved.'" *Reddy P'ship/5900 N. Freeway LP v. Harris Cty. Appraisal Dist.*, 370 S.W.3d 373, 376 (Tex. 2012) (quoting *In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (per curiam)). "When the correct party sues or is sued under the incorrect name, 'the court acquires jurisdiction after service with the misnomer if it is clear that no one was misled or placed at a disadvantage by the error.'" *Id*. (quoting *Sheldon v. Emergency Med. Consultants, I, P.A.*, 43 S.W.3d 701, 702 (Tex. App.—Fort Worth 2001, no pet.)). In such cases, the plaintiff may amend its petition to correct the name, and the amendment will relate back to the original petition. *Id*. at 377.

This court has recognized that "it is well-established that '[o]rdinarily, an amended pleading adding a new party does not relate back to the original pleading.'"

*Morris v. Ponce*, 584 S.W.3d 922, 928 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) (quoting *Univ. of Tex. Health Sci. Ctr. at San Antonio v. Bailey*, 332 S.W.3d 395, 400 (Tex. 2011)). Here, the original petition named Hejazi as the sole plaintiff. Hejazi brought claims alleging accounting malpractice and alleged such negligence caused a severe strain on his relationship with his wife and son, and required him to use personal funds to keep the business afloat. TPE, while Hejazi allegedly is the sole owner, is a different party. *See Yamin v. Carroll Wayne Conn*, L.P., 574 S.W.3d 50, 66 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) ("Texas law presumes that a corporation is a separate entity from its officers and shareholders."); *see also Grain Dealers Mut. Ins. Co. v. McKee*, 943 S.W.2d 455, 458 (Tex. 1997). Therefore, the addition of TPE as a plaintiff in the second-amended petition did not relate back to the original petition filed by Hejazi. *See Morris*, 584 S.W.3d at 928.

Relying on *Foust v. Estate of Walters ex rel. Walters*, 21 S.W.3d 495, 500 (Tex. App.—San Antonio 2000, pet. denied), TPE asserts that because Wang was not surprised, prejudiced, or disadvantaged by the addition of TPE as a plaintiff, the relation-back doctrine applies. *Foust*, however, was a misnomer case, an exception to the rule that a pleading adding a new party does not relate back. *See Bailey*, 332 S.W.3d at 400 (listing misnomer and misidentification as exceptions to this rule). *Foust* does not apply here because Hejazi and TPE are not simply different names for the same party; they are different parties.

Because TPE's claims accrued on September 13, 2013, but TPE was not added as a plaintiff until July 7, 2016, the two-year statute of limitations expired at the time TPE filed suit. The trial court, therefore, did not err in rendering summary judgment on TPE's accounting malpractice claims. We overrule TPE's first issue.

**II. The statute of limitations expired on TPE's claim of intentional misrepresentation.**

In its second issue TPE asserts its intentional misrepresentation claim was not subject to dismissal. Specifically, TPE argues its intentional misrepresentation claim was essentially a fraud claim, which is subject to a four-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.004. In TPE's fifth-amended petition, it alleged:

> **INTENTIONAL AND/OR NEGLIGENT MISREPRESENTATION**
> 5.12 Michelle Wang, CPA knowingly and intentionally and/or negligently made material misrepresentations to Plaintiff TEXAS DQ2. More specifically Michelle Wang, CPA knowingly and intentionally and/or negligently issued materially misleading financial statements for use by the management of DQ2 which the management of TEXAS DQ2 relied upon to their detriment. Plaintiffs. [sic] When an inquiry was made of Michelle Wang, CPA after each monthly financial statement was received and reviewed by the management of TEXAS DQ2 that the financial statements did not look correct, Michelle Wang, CPA intentionally and/or negligently assured the Plaintiffs that the financial statements were correct and that the Plaintiffs should have no concerns.

TPE first asserts that Wang did not move to dismiss TPE's intentional misrepresentation claim. To the contrary, Wang's motion for summary judgment sought dismissal of TPE's negligence, gross negligence, and misrepresentation claims on the grounds they were barred by the statute of limitations. Wang further sought dismissal of TPE's breach of contract claims because they were recast professional negligence claims barred by the anti-fracturing rule. On appeal TPE does not challenge the trial court's dismissal of its breach-of-contract claims.

The anti-fracturing rule also applies to TPE's fraud or intentional misrepresentation claim. The rule against fracturing claims prevents plaintiffs from converting what are actually professional negligence claims into other claims such as fraud, breach of contract, breach of fiduciary duty, or DTPA violations. *Atkins v.*

10

*Schultz*, No. 01-16-00864-CV, 2018 WL 1864622, at *3 (Tex. App.—Houston [1st Dist.] Apr. 19, 2018, no pet.) (mem. op.); *Won Pak v. Harris*, 313 S.W.3d 454, 457 (Tex. App.—Dallas 2010, pet. denied).

Under Texas law, a plaintiff is not permitted to divide or "fracture" a professional malpractice claim into additional claims that do not sound in negligence. *Perkins v. Walker*, No. 14-17-00579-CV, 2018 WL 3543525, at *2 (Tex. App.—Houston [14th Dist.] July 24, 2018, no pet.) (mem. op.). Although other claims can co-exist with a professional malpractice claim, the plaintiff must do more than merely reassert the same claim for malpractice under an alternative label. *Duerr v. Brown*, 262 S.W.3d 63, 70 (Tex. App.—Houston [14th Dist.] 2008, no pet.). "If the gist of a client's complaint is that the [professional] did not exercise that degree of care, skill, or diligence as [professionals] of ordinary skill and knowledge commonly possess, then that complaint should be pursued as a negligence claim, rather than some other claim." *Deutsch v. Hoover, Bax & Slovacek, L.L.P.*, 97 S.W.3d 179, 189 (Tex. App.—Houston [14th Dist.] 2002, no pet.). Whether a claim styled as breach of contract or fraud is actually a claim for professional malpractice is a question of law to be determined by the court. *See Powell v. Grijalva*, No. 14-19-00080-CV, 2020 WL 4097274, at *5 (Tex. App.—Houston [14th Dist.] July 21, 2020, no pet.) (mem. op.).

A professional malpractice claim is based on negligence. *Cosgrove v. Grimes*, 774 S.W.2d 662, 664 (Tex. 1989). To prevail in a professional negligence case against an accountant, the plaintiff must prove (1) the accountant owed a duty to the plaintiff; (2) the accountant breached that duty; (3) the breach caused the plaintiff's injuries; and (4) damages occurred. *See Duerr*, 262 S.W.3d at 76.

This rule does not preclude clients from asserting claims other than negligence against their accountants if supported by the facts. *See Deutsch*, 97 S.W.3d at 189.

11

The claimant must do more than "merely reassert the same claim for [professional] malpractice under an alternative label." *Duerr*, 262 S.W.3d at 70.

After reviewing TPE's intentional misrepresentation allegations, we conclude that the gist of those claims is that Wang did not exercise that degree of care, skill, or diligence as accountants of ordinary skill and knowledge commonly possess and exercise and they are thus components of a fractured malpractice claim. TPE concedes this in its brief, asserting, "the pleading of fraud was based on the same transactions and occurrences that form the basis of the negligent misrepresentation claims." TPE's fraud or intentional misrepresentation allegation is based on the same factual underpinnings as its negligence claims, the substance of which is that Wang did not competently fulfill its duties as TPE's accountants by failing to discover the manager's embezzlement sooner. The crux of TPE's fraud or intentional misrepresentation claim is that Wang did not provide adequate professional assistance; therefore, TPE's claim could only be pursued as a professional negligence claim and TPE impermissibly fractured its claim. *See Won Pak*, 313 S.W.3d at 457; *see also Murphy v. Gruber*, 241 S.W.3d 689, 697 (Tex. App.—Dallas 2007, pet. denied) ("[C]haracterizing conduct as a 'misrepresentation' or 'conflict of interest' does not alone transform what is really a professional negligence claim into either a fraud or a breach-of-fiduciary-duty claim.").

TPE's fraud or intentional misrepresentation claim, therefore, is barred by the two-year statute of limitations. *See J.A. Green Dev. Corp. v. Grant Thornton, LLP*, No. 05-15-00029-CV, 2016 WL 3547964, at *8 (Tex. App.—Dallas June 28, 2016, pet. denied) (mem. op.) (holding that two-year statute of limitations applied to accounting malpractice claim impermissibly fractured as fraud and breach of fiduciary duties claims). The trial court did not err in granting summary judgment dismissing all TPE's claims. We therefore overrule TPE's second issue.

**CONCLUSION**

Having overruled TPE's issues, we affirm the trial court's judgment.

/s/    Jerry Zimmerer
        Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain.

13